CASE 22—ACTION TO RECOVER SALARY AS POLICE JUDGE—OCT. 11.

# Barrett v. City of Falmouth.

APPEAL FROM PENDLETON CIRCUIT COURT.

JUDGMENT FOR DEFENDANT AND PLAINTIFF APPEALS. AFFIRMED.

OFFICERS—CHANGE OF SALARY AFTER ELECTION.

Held:  Where the new charter of a town provided for the election of a police judge and the fixing of his salary by the city council, and the first city council and the police judge were elected under the new charter at the same time, it was within the power of the council to fix the salary of the police judge, after his election, notwithstanding. Const. sec. 161, providing that the compensation of a municipal officer shall not be changed after his election, and the police judge can not claim the salary fixed for a similar office under the old charter.

FRYER & BARTON, ATTORNEYS FOR APPELLANT.

1  The salary, having been fixed after the adoption of the Constitution and before the election of the appellant, it could not be changed during his term of office.

2. The city council had the power under the old charter as well as under the new, to compensate the police judge for his services. Constitution of Ky., sec. 161; Stone, Auditor, v. Pryor, &c., 20 Ky., Rep., 312; City of Paris v. Webb, 17 Ky. Rep., 1116; City of Louisville v. Wilson, 18 Ky. Rep., 427; Com. by &c. v. Adams, Clerk, 95 Ky., 588; Acts of Gen. Assembly, 1887-88 Vol. 2, p. 91 sec. 25; Dillen on Municipal Cor., 2 ed. Vol. 1, sec. 170.

OPINION OF THE COURT BY JUDGE HOBSON—AFFIRMING.

At the November election, 1893, appellant was elected police judge of the city of Falmouth for a term beginning September 1, 1894, and ending on the first Monday in January, 1898.  On the 21st day of March, 1898, he filed his petition in the Pendleton Circuit Court, alleging that he had served as police judge for the entire term; that

at a meeting of the city council on February 17, 1893, the salary of the police judge was fixed at $125 a year; that no order or ordinance was passed revoking or changing the salary of the police judge before his election; and that the city had refused to pay him his salary or any part of it. The court sustained a demurrer to his petition, and dismissed the action. It is insisted for the appellant that the salary having been fixed after the adoption of the present State Constitution, and before his election, it could not be changed during his term of office. He relies on section 161 of the Constitution: "The compensation of any city, county, town, or municipal officer shall not be changed after his election or appointment, or during his term of office; nor shall the term of any such officer be extended beyond the period for which he may have been elected or appointed." It will be observed that the order upon which appellant relies was made on February 17, 1893. It was not made by the city council elected under the present statute, but by the board of trustees of the town of Falmouth under the charter then in force, and was only an order fixing the salary of the police judge provided for in that charter. Section 161 of the Constitution is a part of the division on municipalities. By section 156 of this division, the cities and towns of the States are directed to be divided into six classes, the organization and powers of each class to be defined and provided for by general laws. The General Assembly, pursuant to this section, divided the cities and towns of the State into six classes, and assigned Falmouth to the fifth class. Kentucky Statutes, section 2740. It is also, by act approved July 3, 1893 (Kentucky Statutes, sections 3607-3659), provided for the government of fifth-class cities. This act, among other things, created a city council and the office of police judge.

Appellant was elected police judge under this act, and derived his rights and powers from it. By section 3623, the city council is authorized to fix the compensation of the police judge. It was the duty of the city council by ordinance to fix his salary, and when once fixed by them it could not be changed after his election and during his term of office. But the fact that the board of trustees under the old charter had fixed the salary of the police judge provided for by that instrument did not affect the power of the council to fix appellant's salary when holding an office under the new form of government devised for the cities of the State. If the council had not acted before appellant's election, they might act and fix his salary once for all after his election. Section 161 of the Constitution is a part of the plan set forth in that instrument for the government of the cities of the State. This plan had to be put into effect by legislative action pursuant to the Constitution, and, when the new government of cities was formed, the salaries of the city officers were then to be fixed, and when so fixed could not be increased or diminished during the term. But appellant, holding an office created by the new act, and for which that act required the council (a body also created by it) to fix the salary, can not hold the city liable for the salary fixed for a similar office under the old charter by the board of trustees created by it. The first city council under this act was elected at the same time as appellant, at the November election, 1893. There was no authority of law for any other body to fix appellant's compensation, and, if the city council could not act after the election, then it would follow that the salary could not be fixed at all. Section 161 of the Constitution forbids the compensation of any city officer

being "changed after his election or appointment or during his term of office." But it does not inhibit the salary being fixed after the election where it has not been fixed before. Marion Co. Fiscal Court v. Kelly (Ky.) 56 S. W., 815. Judgment affirmed.