CASE 7.—ACTION BY THE COMMONWEALTH AGAINST G. W. KOZEE AND ANOTHER.—June 17, 1910.

## Kozee, &c. v. Commonwealth.

Appeal from Elliott Circuit Court.

J. B. HANNAH, Circuit Judge.

Judgment for plaintiff, defendants appeal.—Affirmed.

1.   Bridges—Establishment—Duty of Public Officers.—The fiscal court could not delegate to others its discretion to determine the necessity for bridges nor the location or cost thereof, though bound to appoint a commissioner to supervise the erection.

2.   Evidence—Parol Evidence Affecting Writing—Records of Fiscal Court.—The fiscal court of a county, being a court of record, must speak by its records; parol evidence not being proper to show action not shown by the records or to show that action was not taken as shown by the records, and being proper only where parol evidence would be proper to aid a will, deed, or other record.

3.  Evidence—Documentary Records of Fiscal Court—Entire
    Record.—The records of a fiscal court are an entirety, and
    may be read together.
4.  Bridges—Acceptance—Evidence—Sufficiency.—Orders of a
    fiscal court directing special commissioners to pay for bridges
    erected by them, a warrant issued for their payment, and a
    settlement with the sheriff approved by such court by which
    he is credited with the warrant sufficiently show acceptance
    of the bridges by the county and appropriation to pay for
    them.

J. B. HANNAH, THEOBALD & THEOBALD and McQUOWN
& BECKHAM for appellants.

ROBERT H. WINN for appellee.

OPINION OF THE COURT BY JUDGE HOBSON—Affirming.

The judgment appealed from is for $1,700, and was
rendered against the ex-sheriff of Elliott county and
his bondsman, the surety company. The amount re-
covered was for building two bridges, one at the price
of $1,000 and the other at $700. Appellants ask a re-
versal of the case for the following reasons: First, be-
cause the fiscal court of Elliott county never legally
authorized or directed the bridges to be built, nor did
it ever appropriate any money to pay for them or
authorize the sheriff to do so; second, the whole
transaction was illegal and void from the beginning
to the end, and the sheriff was not authorized to pay
the sum sued for or any part of it.

The facts with reference to the building of these
bridges and leading up to the litigation are, in sub-
stance, as follows: The fiscal court of Elliott county
made a levy of $1.50 on each poll, 15 cents on each
$100 for general purposes, and 15 cents on each $100
for road and bridge purposes. At its October term,
1900, the court made the following order: "Ordered

by the court that J. B. Sparks, S. L. Green, and J. A. Gray be and they are hereby appointed commissioners of the court to expend the money belonging to the road and bridge fund of Elliott county for the purpose of buying and repairing bridges and making abutments for same, and they are hereby directed and authorized to draw upon the sheriff for the money that is and may come into the hands of the sheriff for that purpose, and they further direct that the bridges shall be built at such places on the county road of Elliott county as worst needs improvement.'' The commissioners named in this order, in the exercise of their supposed power thereunder, on the 20th day of March, 1901, made and entered into two written contracts with appellee Virginia Bridge & Iron Company for the furnishing, erection, and completion of two bridges, one to cross Little Sandy creek near the Great House ford, for the price of $1,000, the other to cross the Little Fork of Sandy near Stephens, Ky., at the price of $700. In each of these written contracts it was required that the commissioners, upon completion of the bridges according to contract, should draw warrants directing the sheriff to pay the bridge company in accordance with the contract. It appears, without contradiction, that the bridges were completed by the time specified in the contract, to-wit, October 1, 1901, and the commissioners issued the warrants in favor of appellee upon the sheriff as directed, but the sheriff failed and refused to pay them for the reasons stated.

There is nothing in the record showing that the commissioners, after determining that these bridges should be erected at the places named, reported the fact to the fiscal court or reported the contracts made with appellee for the approval of the court; nor did

they file a report showing that the bridges had been completed according to contract. They seem to have performed their duties strictly under the powers given them in the order made by the fiscal court, and independent of it. This was irregular and illegal. It was the duty of the fiscal court to determine for itself the necessity for the bridges, the location and cost thereof, and, after determining this, to appoint a commissioner to supervise the erection thereof. It could not delegate to an agent or agents the discretion with which the law clothes it. If this was all the record showed with reference to the matter, appellant would clearly be in the right; but the record shows further that the bridges were erected according to the contracts, that the county has had the use of them, and that the bridge company has not been paid for them.

It appears from the record that the fiscal court of Elliott county had not appointed a treasurer, and the sheriff was its disbursing officer for the county. On the 4th day of October, 1901, the fiscal court made the following order approving the settlement made with the sheriff by the court's commissioner, to-wit: "This day came J. A. Gray as commissioner to make settlement. G. W. Kozee, sheriff of Elliott county, for the year 1901, and produced settlement which is approved by the court and ordered to be spread at large upon the proper book in the county court clerk's office." It appears from this report that the sheriff had of the county's funds unexpended something over $3,-000. On the date last named the court also made the following order: "Ordered by the court that the commissioners appointed at the former term of this court to buy bridges are hereby authorized to appropriate the money now on hand not otherwise appropriated

for the purpose of paying for improvements already done, and necessary improvements that may hereafter be constructed." As stated, it appears that the two bridges were completed as per the contracts, which required that they be done by October 1, 1901, and that on that day the order last quoted was entered directing the commissioners to pay for the bridges already purchased. It was evidently the purpose of the court to accept the bridges, and the language used in the order in effect conveys that intention, because the bridges had been erected and an appropriation of a sufficient fund of the county had been made to pay for them. The court decided in the case of Milliken v. Gillum & Son, 135 Ky. 280, 122 S. W. 151, that when a county accepts and uses bridges, although the contracts for the erection of them were irregular and erroneous, it is liable for the reasonable cost thereof.

The fiscal court is a court of record. It must speak by its records. Parol evidence is not competent to show that the court did something not shown by its records, or that it did not do something which is shown by its records. Parol evidence can only be introduced in aid of its records where it would be competent in the case of a will, deed, or other record. If a man by his will leaves his home place to one of his children, parol evidence is competent to show what boundary of land was known as his home place at the time of the execution of the will; or, if by the judgment of a court, the line between two adjoining landowners is fixed as the line of a certain patent, where the line of that patent runs may be shown by parol evidence. The records of the fiscal court are an entirety and may be read together. If, when the whole record is read, the meaning is sufficiently shown, it may be enforced. That is certain which may be made

certain under the rules of evidence applicable to records. The bridges in controversy had been built before the 4th day of October, 1901. The fiscal court knowing that the bridges had been erected on that day entered an order appropriating the money then on hand not otherwise appropriated for the purpose of paying for improvements already done. The two bridges being then already finished, this was an order to pay for them. Accordingly the commissioners on December 2d issued a warrant upon the sheriff for the amount due, and when the sheriff came to make his settlement with the fiscal court on January 4, 1902, he was credited by these warrants, and this settlement was approved by the fiscal court. The court made this order: "This day came G. W. Kozee, sheriff of Elliott county, and J. A. Gray, commissioner, to settle with said sheriff, and agreed that the claims to be paid by said Kozee on the levy of 1901 are due and payable by said sheriff, he having funds in his hands to pay same; and, further, that the entire balance left in sheriff's hands has been directed by this court to be paid out by him to said claimants." Thus, when all the orders of the fiscal court are read together, we have an order directing the commissioners to pay for these two bridges, a warrant issued for their payment, a settlement with the sheriff by which he is credited by the warrants, and the settlement approved by the fiscal court. The orders of the fiscal court therefore show that it accepted the bridges and appropriated the money in the hands of the sheriff to pay for them.

Appellants contend strenuously in their answer that the sheriff never had at any time money enough in his hands to pay these claims; that he paid all that was due the county on other claims as directed by the

fiscal court. This was denied positively by appellee, and, if it had been true, appellant could have easily shown it by giving his own testimony and presenting the receipts for the money which he claims he paid out for the county on such orders. It is in conflict with the agreed order entered by the fiscal court, and the settlement made with the sheriff. It is also in conflict with the evidence in the record that the sheriff agreed to pay the claims, and begged time on them. As the record stands, it appears without contradiction that he had in his hands, and still has, money belonging to the county with which to pay these claims.

For these reasons, the judgment of the lower court is affirmed.