## Brown v. Laurel County Fiscal Court.

(Decided May 22, 1917.)

### Appeal from Laurel Circuit Court.

1. Officers—Compensation—Fiscal Courts—Appeal and Error.—An officer may appeal from the order of the fiscal court fixing his salary to the circuit court.

2. Officers—Conpensation of County Judge—Fiscal Courts.—It is the duty of the fiscal court of each county, under section 1072 of Kentucky Statutes, to fix the salary of the county judge at a reasonable amount, but this does not give the fiscal court arbitrary power in fixing the amount of such salary, and its action in doing so may be reviewed by the courts, under proper proceedings for that purpose.

3. Officers—Increase or Reduction of Compensation.—After the salary of the county officer is fixed by the fiscal court it cannot · be altered or changed during his term of office, although subse-

quently happening events may change the conditions so as to make his duties more burdensome, or render them lighter.

4.  Appeal and Error—Compensation of Officers.—Where, upon the trial of an appeal from an order of the fiscal court fixing the allowance of the county judge, about an equal number of witnesses testified upon each side upon the issue as to the reasonableness or unreasonableness of the sum fixed, the finding of the circuit court upholding the order of the fiscal court cannot be said to be flagrantly against the evidence, nor that it is unsupported by the evidence.

5.  Appeal and Error—Argument of Counsel.—Improper argument of counsel, and misconduct of the jury complained of but not presented by a bill of exceptions cannot be considered on appeal.

T. L. EDELEN, W. L. BROWN and HAZELWOOD & JOHNSON for appellant.

J. K. LEWIS for appellee.

Opinion of the Court by Judge Thomas—Affirming.

At the regular election in 1913, the appellant was elected to the office of county judge of Laurel county, and took the oath of office on the 5th day of January, 1914. At the regular March term, 1914, of the fiscal court for Laurel county he appeared before that body and entered motion that his salary for the current term as such county judge be fixed at the sum of $1,500.00 per annum, but the court by unanimous vote of its members declined to do that, and at the same term fixed the salary for the entire term at $800.00 per annum.

From the order refusing to fix the salary at $1,500.00, and the one fixing it at only $800.00, the appellant prosecuted an appeal to the Laurel circuit court, and at its October, 1914, term a trial of the appeal resulted in a judgment upholding the fixing of the salary at $800.00 by the fiscal court, and from that judgment the appellant appeals to this court.

The motion and grounds for a new trial was amended by two supplemental motions, setting up additional grounds, which were each and all overruled, and in them the plaintiff relies upon the following reasons as constituting error in the trial court:

(1) "Misconduct of the jury in considering the case after the same was submitted by arguing among themselves, and with the other jurors who did not agree to the verdict returned the statements made by the attorney for the defendant in the argument of the case," etc. (2)

Misconduct on the part of the attorney representing the fiscal court both in the statement of the case and in his argument to the jury. (3) That the verdict of the jury is not sustained by sufficient evidence. (4) Incompetent evidence admitted before the jury. (5) Because the court refused to admit proper testimony offered by the appellant.

Section 1072 of the Kentucky Statutes says: "The county judge shall receive an annual salary, to be fixed at a reasonable amount by the fiscal court, and paid in quarterly installments by the county." It will be observed that the statute does not lodge with the fiscal court arbitrary power or authority in fixing the salary of the county judge, but it must be fixed "at a reasonable amount."

In the early case of Stephens v. Allen, 19 Ky. Law Rep. 1707, the question of the reasonableness of the compensation of a member of the county board of health was before this court for consideration, and at that time the statute providing for such compensation (then section 2055) was: "The local board shall receive such compensation for such services as the county court in which the local board is established shall, in their discretion, determine." Upon the question of the authority conferred by that section upon the fiscal court, this court, in the opinion rendered, said:

"The discretion of the fiscal court with reference to the compensation to which such board is entitled is not an arbitrary one, but is a sound, judicial discretion, and one that can be controlled."

The language of the section there being construed is substantially the same as section 1072, *supra,* authorizing the fiscal court to fix the salary of county judges, and we have no hesitancy in concluding that the action of the fiscal court in fixing the salary of county judges may, by appropriate proceedings for that purpose, be reviewed by the courts, and if its action is found to be unreasonable and arbitrary, it may be corrected in such proceedings. An appeal from the order of the fiscal court is an appropriate proceeding for the purpose of reviewing the action of that court in making or refusing to make the proper allowance. Ohio County v. Newton, 79 Ky. 267; Henderson County v. Dixon, 23 Ky. Law Rep. 1204; McNew v. Nicholas County, 125 Ky. 66, and other cases.

Still another preliminary question is the correctness of the action of the circuit court in submitting the issue

as to the reasonableness of the salary in the trial, upon appeal, to a jury. Clearly, the reasonableness or unreasonableness of the salary as fixed by the fiscal court is a question of fact to be determined upon the amount of work which the county judge in the particular county may be called upon to perform, and we know of no law preventing such questions of fact from being tried by a jury, but in this particular case there was no objection to such a trial, and even if it was incompetent to empanel a jury the appellant is in no condition to question the action of the court in doing so.

This brings us to a consideration of the questions presented by the motion for a new trial, and considering (1) and (2) together, it is sufficient to say that there is no bill of evidence showing any of the facts upon which these two grounds are based. It is true that a considerable portion of the record is made up of affidavits in substantiation of those two grounds of complaint, but the rule of appellate practice prevailing in this court that such matters can be presented on appeal in no other way except by bill of exceptions is so elementary, and has been so consistently and uniformly followed by this court that we do not deem it necessary to append authorities in support of it. Clearly, under that rule, neither of these two grounds can be considered by us.

Taking up now ground of complaint (3), the record discloses that appellant introduced himself and some four or five other witnesses, whose testimony was to the effect that the services which the county judge of Laurel county was called upon to perform, and for which he received no fees since the induction of appellant into office, were reasonably worth the sum of from $1,200.00 to $1,500.00 per annum. Some five or six members of the fiscal court testified that such services were not worth exceeding $800.00 per annum, the amount which appellant was allowed. Three or more witnesses, besides the members of the fiscal court, gave the same testimony, some of whom had filled the office of county judge of Laurel county prior to plaintiff's term. It is complained that the members of the fiscal court who testified to the correctness of its allowance to appellant were not competent to give such testimony in that they were not familiar with the duties of the office, but we are not inclined to coincide with this contention. As members of the fiscal court they were necessarily more or less familiar with the duties of the office of county judge, and they testified that they were

reasonably familiar with the duties from having studied the statutes, and most of them were called upon to, and did, with reasonable accuracy, state those duties. Under these circumstances, it cannot be said that they were incompetent to give testimony upon the subject. With the testimony for the respective parties in this condition, there is no room for the contention that the verdict is not sustained by sufficient evidence, much less can it be urged that it is flagrantly against the evidence, and we do not find ourselves able to sustain this the (3) ground of complaint.

Touching the (4) objection to the judgment urged upon us for a reversal, it is sufficient only to say that the incompetent testimony complained of consists chiefly in permitting the members of the fiscal court to testify as above stated, but which we have seen is unfounded.

The testimony which appellant offered, and which was excluded by the court, and of which he complains in his (5) ground for reversal, is (a) that by an act of the legislature which took effect in June, 1914, the office of road engineer was abolished and the duties of that position were imposed upon the county judge, and (b) that since he was inducted into office the cost of living has advanced to quite if not more than one hundred per cent. That these objections are untenable is quite apparent. Each of them is a matter which arose after the appellant was elected and took the oath of office, and even after his salary had been fixed by the fiscal court. They produce conditions that cannot be considered as in any way affecting appellant's salary after he has entered upon the discharge of the duties of the office.

Section 161 of the constitution forbids the increasing, changing or altering in any way the compensation of the appellant after his election, or during his term of office, and we have yet to find the case where that section of the constitution may be disregarded and the compensation enlarged if the duties of the office are increased, or diminished if the duties of the office are curtailed. The incumbent takes his chances in the one case, and the county takes its chances in the other.

What we have said thus far is upon the assumption that there was no order of the fiscal court fixing the compensation of the county judge for an indefinite time in existence at the time of his election and qualification, for, under the doctrine of the case of McNew v. Nicholas County, *supra*, if there had been, the fiscal court had no

authoritly to change it or to make the order complained of in this case. It is true that a prior order fixing the salary, if limited and confined to a particular time, cannot affect the compensation of an officer for a period subsequent to the time covered by such order. Marion County v. Kelly, 22 Ky. Law Rep. 174; Butler County v. James, 116 Ky. 575, and other cases found in the note to section 161 of the constitution.

Although the order fixing the salary may be for an indefinite or unspecified time, so as to be binding as to subsequently elected officers, it does not necessarily follow, under the rule laid down in the McNew case, that such order could not be changed by the fiscal court if done before an election or qualification of the officer whose salary is affected.

In this case it appears that for a great number of years the county judges of Laurel county have been receiving the same sum which appellant is contesting here, but none of the orders of the fiscal court so fixing the salary are before us, and we have considered the case as though there was no order fixing the salary for the office of county judge that could be applicable to appellant's term until the one complained of was made in March, 1914.

The instructions, while excepted to, are not complained of in the motion and grounds for a new trial, and for that reason cannot be considered by us, although we have examined them and found no error therein.

Upon the whole case we are unable to find any just grounds to reverse the judgment, and it is affirmed.