## Haggard, et al. v. Green.

(Decided May 11, 1928.)

### Appeal from Clark Circuit Court.

1. Estoppel.—An "equitable estoppel" is the effect of voluntary conduct of a person precluding him from asserting rights which might otherwise have existed, either of property, contract, or remedy, as against another person who has in good faith relied on such conduct and has been led thereby to change his position for the worse, and who, on his part, acquired some corresponding right.

2. Estoppel.—Where plaintiff, having right to passway over defendant's farm under deed, protested against change of location thereof before defendants plowed up their land and constructed fence, he was not estopped to claim that passway should be located as it was before defendants located it by erecting fence on theory that he stood by until after defendants expended money in building fence.

JOUETT & METCALF for appellants.

BENTON & DAVIS and J. D. KASH for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

In this action the appellee sought to enjoin the appellants from interfering with or obstructing his use of a passway running from the Muddy Creek pike through appellants' land to appellee's farm. The lower court adjudged the appellee the relief he sought, and appellants appeal.

Appellants do not deny that the appellee is entitled to a passway through their farm. The sole question in this case concerns the location of that passway. The appellee holds title to the passway in question under a deed

from the appellants' ancestor. So far as pertinent that deed reads:

> "There is also conveyed by this deed a roadway as now marked on the land by travel leading from the land above described over the land of Joseph G. Hays to the Winchester and Muddy Creek pike."

The land of Joseph G. Hays referred to in this excerpt is the same land now owned by the appellants. The date of this deed is March 3, 1914. In 1920 the appellant Lucien Haggard built a fence running from the Muddy Creek pike to the land of the appellee. In building this fence the appellants, as the appellee contends, threw the passway in question to the east of where it was located at the time the appellee obtained his deed. It was to remove this fence and restore the passway west of this fence line that this suit was brought. The appellants contend that the passway was located in 1914 just where it is now after the building of the fence. On this disputed issue of fact the chancellor found in favor of the appellee, and the great weight of the evidence sustains the finding of the chancellor in that regard. The appellants contend, however, that, even if this be so, yet as the appellee stood by in 1920 and saw the appellants build this fence at a great expense and thereafter plow up and put the land, where the appellee contends the passway should run, in cultivation and meadow, he is now estopped to claim the passway as being located anywhere else than where the appellants located it by the building of the fence. The case of Trimble v. King, 131 Ky. 1, 114 S. W. 317, 22 L. R. A. (N. S.) 880, is cited to sustain this position. The principle of that case is inapplicable to the facts of this case. The evidence of the appellants themselves shows that at the time the appellants built the fence in 1920 the appellee protested, that this protest was carried home to the appellants, and that despite this protest they went ahead and built the fence. In Jett et al. v. Jett, 171 Ky. 548, 188 S. W. 669, we quoted with approval and applied to the facts of that case the following from Pomeroy's Equity Jurisprudence, vol. 2, sec. 804:

> "An equitable estoppel is the effect of the voluntary conduct of a party whereby he is absolutely precluded both at common law and in equity from asserting rights, which perhaps have otherwise existed, either of property or contract, or of remedy, as against another person who has in good faith

relied upon such conduct and has been led thereby to change his position for the worse and who, on his part, acquires some corresponding right, either of property or contract or of remedy.''

The appellee warned the appellants of his claim before they built this fence. Despite this warning, they went ahead and built the fence. They were not misled by any attitude or conduct on the part of the appellee. No element of equitable estoppel as above defined is present here. This being so, and no error appearing in the judgment of the trial court, it is affirmed.

The attention of counsel for both parties in this case is called to section 1 of rule V of this court governing the preparation of briefs for this court.