## Robinson, County Judge, v. Elliott County Fiscal Court.

(Decided November 14, 1930.)

M. C. REDWINE and JOHN T. REDWINE for appellant.

W. E. MOBLEY for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE THOMAS—
Reversing.

The appellant, G. W. Robinson, was elected to the office of county judge of Elliott county at the regular election in November, 1929, and took the oath of office on the first Monday in January, 1930. Between those dates and on December 30, 1929, the fiscal court of the county, at a special session duly and regularly called, fixed the regular salary to be paid by the county to its county judge for the following four years and entered an order upon its books to that effect, which was and is in these words:

"On motion of Bob Miller, seconded by B. J. Pennington, that the salary of the County Judge and County Attorney be at the same rate as the County Judge and County Attorney are now drawing, and said motion coming before the Court, it was voted by Miller, Pennington and Ison, with De Bord not voting, that the salary of the County Judge and County Attorney be paid at the rate of $100.00 per month payable monthly for the coming four year term, beginning January 6, 1930, and expiring first Monday in January, 1934."

Later, and on May 12, 1930, appellant appeared before another regularly called and duly held special term of the fiscal court and moved it to fix a salary to him of $300 in payment for his services in presiding at misdemeanor trials pursuant to chapter 22, Acts of

1928, which enacted, in substance, that, after the taking effect of that act, county judges presiding at the trial of misdemeanor cases should no longer be paid contingent fees for such services, but should receive therefor an annual fixed salary to be prescribed by the fiscal court, but not to exceed in amount one-half of "the regular salary now paid said county judges by the several counties of the commonwealth," and in no event for his entire salary to exceed the constitutional limit of $5,000. Const. sec. 246.

The fiscal court declined to allow appellant the amount he asked at the May special term of the fiscal court, but did fix his annual compensation for such services at $50 per year, and, being dissatisfied with it, he appealed to the Elliott circuit court. At the hearing in that court the judge thereof was of the opinion that any salary for such services, allowed by the fiscal court after appellant took the oath of office, was in violation of sections 161 and 235 of our Constitution inhibiting increases in salaries after installation into office and dismissed the appeal, and directed that the order fixing appellant's salary at $50 be rescinded, and from that judgment this appeal is prosecuted.

Section 2 of the 1928 act (Acts 1928, c. 22) is now section 1732a-2 of the 1930 edition of Carroll's Kentucky Statutes, and it prescribes that the annual allowance to the county judge for special services in presiding at the trial of misdemeanor cases was "to be in addition to any compensation now received from said counties," etc., and that such allowances should be made by the fiscal court "at the last regular term of the fiscal court preceding the regular election for county officers, beginning in the fall of 1929." No order by the fiscal court of Elliott county was ever made for the fixing of any character of salary for the county judge elected in 1929, except the one first inserted above, and which it will be observed expressly and by its terms confined the allowance therein made to the *same* sum as the county judge was *then* and had *theretofore* been drawing, and which was necessarily a regular salary for his regular and ordinary duties as such officer, not including any allowance for presiding at misdemeanor trials, and which the 1928 statute requires shall be "in addition" to such regular salary, and makes such services compensable by an independent and additional allowance to his regular salary.

A great many cases have reached this court involving allowances of salaries to officers, the most of which related to that of county judge, one of the latest of which is Roberts, County Clerk, v. Walker, County Judge, 227 Ky. 591, 13 S. W. (2d) 761, and in which practically all preceding ones are collected and cited, and it will be unnecessary for us to enumerate them in this opinion. It was therein held, and also in a number of preceding ones, that, while it was the duty of the fiscal court to fix the salary of the county judge, or other county officer, before his installation into office, yet, if such action was not taken, it would be competent for the fiscal court to do so after such installation. Furthermore, that where a salary for a county officer had once been fixed and had not been limited to a particular term or period, it would remain so until changed. Other questions not involved in this case are also discussed and determined in many of the cases referred to. There can be no question but that it is competent for the Legislature to provide for the separate allowance of salaries to public officers for different specified services; there being nothing in the Constitution requiring that the allowance should be made in one lump sum, the only limitation being that the aggregate allowance shall not exceed the constitutional limit of $5,000, and that all of it should be fixed before induction into office.

In this case, as we have seen, the 1928 act in effect prescribed and indorsed the prior law for an allowance to a county judge of a regular salary in payment for his services other than those wherein he may have still been permitted to collect fees, and other than for services rendered as presiding judge at trials of misdemeanor cases, and for the latter it prescribed that a special allowance should be made in addition to his regular salary. No such special allowance was made by the fiscal court of Elliott county before appellant took the oath of office, and, under the cases referred to, it was competent and legal for the fiscal court to make the allowance after that time. In some of the cases referred to, and particularly that of Brown v. Laurel County Fiscal Court, 175 Ky. 747, 194 S. W. 907, it was held that the fiscal court, in designating the amount of salary to a county judge, was vested with a reasonable discretion, but not an arbitrary one; and that, in the exercise of that discretion, it

was the duty of the fiscal court to fix a reasonable salary, and, if not done, the involved officer, if the sum designated was unreasonably small, or the county or one of its taxpayers, if it was unreasonably large, could appeal from the order of the fiscal court to the circuit court and correct any errors of the fiscal court in that regard.

In this case appellant offered in the circuit court to introduce testimony to prove that the sum he asked for the special services involved ($300) was and is reasonable, but the court refused to hear such testimony upon the theory that in no event did the fiscal court have the right to make any allowance for such special services, but which, as we have seen, was and is error.

But it might be said that, when a fiscal court makes an allowance to a county officer for a term to begin in the future, such allowance will be presumed to cover all services imposed upon that officer by the law, and which might be true if the order itself did not contain terms clearly indicative of a contrary intention. In other words, such a result might be true, but which we do not now determine, if the order made in this case on December 30 had made no reference to prior salaries of the county judge. But when such an order, as did the one in this case, shows on its face that the allowance was for a *regular* salary only, and excluded the idea of its including any specially provided salary, then it is clear that no such presumption will prevail. We therefore conclude that the court erred in dismissing the appeal and in ordering the application to the fiscal court for such additional allowance dismissed, and in declining to permit appellant to introduce evidence to show the reasonableness of the amount asked for by him as compensation for services as presiding officer at misdemeanor trials.

Wherefore the judgment is reversed, with directions to set it aside and to hear evidence of the reasonableness of an annual salary sufficient to compensate the county judge for services in presiding at misdemeanor trials, and to certify such found sum to the fiscal court to be entered on its order books, and for other proceedings consistent with this opinion.