# Robinson, County Judge, v. Elliott County Fiscal Court.

(Decided February 5, 1932.)

M. C. REDWINE and JOHN T. REDWINE for appellant.

W. E. MOBLEY for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

The appellant, G. W. Robinson, is the duly elected and acting county judge of Elliott county. Before he qualified and assumed the duties of the office in January, 1930, the fiscal court of the county fixed the regular annual salary to be paid by the county to the county judge at $1,200, but failed to fix a salary to be paid to him for his services in presiding at misdemeanor trials pursuant to chapter 22, Acts of 1928. In May, 1930, appellant requested the fiscal court to fix a salary to him of $300 in payment for these services. The fiscal court declined to fix the salary at the amount requested, but did fix it at $50 annually. Appellant appealed to the circuit court, which dismissed the appeal, and, on appeal to this court, the judgment of the circuit court was reversed with directions to set it aside and to hear evidence on the reasonableness of an annual salary sufficient to compensate the county judge for services in presiding at misdemeanor trials and to certify the sum so found to the fiscal court to be entered on its order book. Robinson, County Judge, v. Elliott County Fiscal Court, 236 Ky. 63, 32 S. W. (2d) 554.

On the return of the case, a jury trial was had and the question as to the amount of the compensation to be paid by the county to the county judge for his services in presiding at misdemeanor trials was submitted to the jury, which returned a verdict fixing the compensation at $30, and from the judgment entered thereon, this appeal is prosecuted.

The issue presented should not have been submitted to a jury. The question before the circuit court for determination was, Did the fiscal court abuse its discretion in fixing the salary at $50 per annum, and, if so, what is a reasonable salary? The circuit court seems to have interpreted the opinion on the former appeal as directing a jury trial, but it merely directed the court to hear evidence on the reasonableness of an annual salary sufficient to compensate the county judge for services in presiding at misdemeanor trials and to certify to the fiscal court the sum found to be reasonable.

It appears from the evidence that the records of misdemeanor trials at which the appellant presides are inadequately and incompletely kept. The county clerk testified that his records disclosed that appellant presided at 64 such trials during the first eighteen months of his term as county judge. However, the clerk's records include only trials held at regular terms of county court. Appellant testified that he presided at 102 misdemeanor trials held at special terms and not appearing on the county clerk's records. This would represent an average of more than 100 trials annually at which appellant presides.

We are of the opinion that the fiscal court abused its discretion in fixing the salary at $50 per annum, and that under the facts shown a salary of $250 per annum is reasonable.

Wherefore the judgment is reversed, with directions to enter a judgment in conformity herewith.