## Bingham, County Judge, v. Bell County Fiscal Court et al.

(Decided Oct. 12, 1934.)

W. L. HAMMOND for appellant.

W. T. DAVIS for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Reversing.

D. M. Bingham, judge of the Bell county court, petitioned for but was denied a writ of mandamus directing the members of the Bell fiscal court to meet and fix for him a reasonable compensation for his services in criminal misdemeanor cases, and he appeals.

By section 1732a-2, Ky. Stats., it was made the duty of the Bell fiscal court to do that at the last regular term (October, in this case) of the fiscal court preceding the November election, 1933. That was not done; hence it was the duty of the fiscal court thereafter to do so. See Robinson, County Judge, v. Elliott County Fiscal Court, 236 Ky. 63, 32 S. W. (2d) 554, and same case on second appeal 242 Ky. 301, 46 S. W. (2d) 115.

The defendants for answer pleaded and were permitted over Bingham's objections and exceptions to prove:

"That at the regular April Term, 1933, of the Bell Fiscal Court, held on the 26th day of April, 1933, the said court then and there in session and acting under and by the authority vested in it by statutory law, relating to the fixing of salaries for county judges for the ensuing four years beginning on the first Monday in January, 1934, passed and enacted the resolution fixing the salary of this plaintiff as County Judge of Bell County Ky., for the term of office for four years beginning on the first Monday in January, 1934, to wit:

" 'Motion by R. T. Boatright and seconded by Robert Napier that the County Judges' salary for the next term be fixed at $150.00 per month.'

"That at the time the order, copied in the petition and in the first paragraph of this answer, fixing the County Judge's salary at $150.00 per month was entered at the April term, 1933, of the Bell Fiscal Court it was the intention of said court and the members thereof that the said $150.00 per month was to and does include all services to be rendered by the judge of the Bell County Court in the trial of criminal misdemeanor cases, also his regular salary as County Judge of Bell County, in fact all services to be performed by the County Judge of Bell County, including his services in the trial of criminal misdemeanor cases."

That cannot be done. The fiscal court must speak by its records for one reason (Kozee v. Com., 139 Ky. 66, 129 S. W. 327), and for the further reason that section 1732a-2 clearly indicates the legislative intent that the county judge's regular salary and his compensation for services in criminal misdemeanor cases shall be kept separate.

Wherefore the judgment is reversed, and the court will enter an order directing the members of the Bell fiscal court to assemble and fix for the county judge a reasonable compensation for his services in criminal misdemeanor cases, not to exceed one-half of his regular salary.

Judgment reversed.