## City of Olive Hill v. Craig.
### (Decided Jan. 19, 1937.)

R. T. KENNARD and DYSARD & TINSLEY for appellant.
LITTLETON & JARVIS for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Claiming that his compensation as police judge of Olive Hill, a city of the fourth class, was illegally diminished after his election and during his term of office, J. B. Craig brought this suit to recover $660, the difference between what he was paid and what he should have received had no change in the compensation been made. From a judgment in his favor, the city appeals.

The facts stipulated are as follows: Craig was elected police judge of the city at the November election, 1925,

for a term of four years, and in November, 1929, was re-elected for another term of four years. Prior to his election in 1925 there was no ordinance fixing the compensation of the police judge. However, on December 8, 1925, the city counsel passed an ordinance providing that the salary of the police judge be "$62.50 per month beginning January, first Monday, 1926, and continuing for the ensuing term of four (4) years thereafter." On December 30, 1929, the salary of the police judge was fixed at $90 a month for the ensuing term of four years beginning the first Monday in January, 1930. On December 28, 1931, the salary of the police judge was fixed at $62.50 a month beginning January 1, 1932, and ending the first Monday in January, 1934. For the years 1932 and 1933 Craig was paid at the rate of $62.50 per month.

Our Constitution provides that the compensation of any city, county, town, or municipal officer shall not be changed after his election or appointment, or during his term of office. Section 161, Constitution. Though the compensation of an officer may not be changed, it may be fixed after his election or appointment, or during his term of office. City of Louisville v. Wilson, 99 Ky. 598, 36 S. W. 944, 18 Ky. Law Rep. 427; Barrett v. City of Falmouth, 109 Ky. 151, 58 S. W. 520, 22 Ky. Law Rep. 667; Robinson v. Elliott County Fiscal Court, 236 Ky. 63, 32 S. W. (2d) 554. The case turns on whether Craig's salary was fixed at the time of his election in 1929, and was thereafter changed. The salary of the office was not fixed prior to Craig's election in 1925, but was fixed on December 8, 1925, at $62.50 per month. It was not fixed generally or indefinitely at that figure, but was fixed "for the ensuing term of four (4) years." Being thus limited, it did not extend beyond the first Monday in January, 1930, and hence the salary for the new term was not fixed at the time of Craig's second election in 1929. Not being fixed the ordinance of December 30, 1929, fixing the salary of police judge at $90 a month was valid, and the subsequent ordinance of December 28, 1931, reducing the salary during Craig's term of office to $62.50 per month was a clear violation of sec. 161, and therefore invalid.

Nor is there any merit in the contention that appellee is estopped to claim the additional salary. The

question was carefully considered in the recent case of City of Louisville v. Thomas, 257 Ky. 540, 78 S. W. (2d) 767, and we there held not only that an officer was not estopped to recover the amount of his salary reduction by his acceptance of the reduced salary, but that even an agreement by an officer to accept less than the fixed salary was void as against public policy. Of the soundness of this conclusion there can be no doubt. Were the rule otherwise, it would be comparatively an easy matter for the governing authorities to take advantage of an officer dependent on his salary for a livelihood, and virtually compel him to forego his constitutional right.

Judgment affirmed.