# Perry County v. Smith et al.

May 12, 1939.

J. B. EVERSOLE and B. W. BAKER for appellant.

T. E. MOORE, JR., for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

At the regular November election in 1929 the appellee and one of the defendants below, J. A. Smith, was elected county judge of Perry county for a full term of four years beginning the first Monday in January, 1930, which was the 6th day of that month. On the second day

of the month he executed his official bond which was four days before he took office. On December 26, 1929, following Smith's election, the fiscal court of Perry county met in special session and passed a resolution fixing the salary of county judge for the county for the ensuing term at $2400 per annum, payable in equal monthly installments, and the salary of county attorney was fixed at $2000 payable in the same way. That order was but a re-enactment or repassage of a similar one made on December 20, 1921, and which latter order remained in force and effect without any change or effort at repassage whatever until the one of December 26, 1929.

In the meantime the legislature enacted chapter 22 of the Acts of 1928 (page 150, Session Acts of that year), which is now Sections 1732a-1 et seq. of Baldwin's 1936 Revision of Carroll's Kentucky Statutes. Section 2 of that act (now Section 1732a-2 of the same Statutes, supra) says: "The fiscal courts of the several counties of the state shall fix a reasonable compensation for the county judges for their services in criminal misdemeanor cases, same to be in addition to any compensation now received from said counties, respectively, payable as other salaries are paid and to remain as and when fixed for the remainder of the present term and thereafter to be fixed for the ensuing term at the last regular term of the fiscal court preceding the regular election for county officers, beginning in the fall of 1929, and every four years thereafter; provided, however, that said compensation in misdemeanor cases shall not exceed one-half of the regular salary now paid said county judges by the several counties of the Commonwealth, respectively and in no event shall the compensation of any county judge from all sources exceed five thousand dollars ($5,000.00) per annum."

The term for which defendant was elected to office was the first one to follow the enactment of the 1928 act, the law theretofore being that compensation of county judges for services performed in the trial of misdemeanor cases was paid by fees taxed as costs upon convictions. That method of compensation was declared by the Supreme Court of the United States, and by this court to be unconstitutional, since it had a tendency to induce the judge to convict persons on trial before him in order to obtain the statutory fees—all of which were allowed to and collected by him in addition to his regu-

lar salary as county judge. As a substituted compensation for the lost right to tax fees upon convictions in such cases the legislature enacted the 1928 act.

At the time the fiscal court of Perry County passed the resolution on December 26, 1929, its members no doubt did not then have in mind the changes made in the law to which we have referred. At any rate no allowance was made in that order for compensation of the county judge in the trial of misdemeanor cases, and on January 2, 1930, the fiscal court of the county again met, which meeting it is contended by appellees' counsel was but an adjournment of the one held on December 26th prior thereto. But, whether that be true or not, at the session on January 2, 1930, the fiscal court made an allowance to the county judge of $3600 per year, payable in monthly installments of $300, and in which order or resolution it also added: ''And said salary so fixed (for the county judge) shall include all services rendered by the county judge, including trials and costs in all misdemeanor cases in his court, the costs of said misdemeanor cases to be reported by him and paid to the county treasurer, as required by law.'' Clearly, and undoubtedly and unmistakably that order was made and entered in order to correct the error or oversight of the one made on December 26, 1929, which error consisted in omitting from that order the fixing of any compensation for the trial of misdemeanor cases by the county judge as Section 2 of the 1928 act expressly prescribed should be done. That act limits the extra or additional allowance to the county judge for the trial of misdemeanor cases to an amount not exceeding one-half of the regular salary of the county judge as compensation for other functions he performs. The order of the Perry fiscal court made on January 2, 1930, was in strict compliance with that requirement, the increased allowance therein being one-half of that made in the order of December 26, 1929, and which fixed amount• had been in force since December 20, 1921.

After the entry of the two last orders referred to by the fiscal court defendant served thereunder as county judge of his county for four years and collected as his entire compensation the sum of $3600 per year. Following his retirement from office after the expiration of his term—and on March 21, 1938—this ordinary action was filed in the Perry Circuit Court by the county against Smith, as ex-judge of the county, and the surety

on his bond, to recover judgment against them for the sum of $4800 as excess payment of compensation to the principal in the bond, and which excess the petition alleged was illegal and void because violating Section 161 of our Constitution, which prescribes that: ''The compensation of any city, county, town, or municipal officer shall not be changed after his election or appointment, or during his term of office,'' &c. The court sustained defendants' demurrer filed to the petition and plaintiff declining to plead further its petition was dismissed, to reverse which it prosecutes this appeal.

Strangely enough counsel for appellant cite and rely on our opinions in the cases of Robinson v. Elliott County, 236 Ky. 63, 32 S. W. (2d) 554, and Bingham v. Bell County, 255 Ky. 664, 75 S. W. (2d) 334, when the fact is those opinions plainly, unerringly and expressly sustain the actions taken by the fiscal court of Perry county in this case with reference to the fixing of compensation for the office of county judge for the full term beginning the first Monday in January, 1930 and demonstrate that they were and are in strict compliance with the Bingham and Robinson opinions. The only difference being that in those opinions (both of which were rendered after the taking effect of the 1928 act) the fiscal courts involved made separate orders for the regular compensation of their incoming county judges, and for their additional compensation in presiding at the trial of misdemeanor cases—the latter order being made later and following the one prescribing for the regular salary of the county judge.

In this case, however, the fiscal court of Perry county, in making its order of January 2, 1930, combined the two allowances in one order and fixed the aggregate amount, but said that the amount so fixed should include compensation for presiding at the trial of misdemeanor cases, as well as the performance of all other official duties of the office. The only difference, therefore, between the interpretations made in the Bingham and Robinson opinions, and the course pursued in this case, was the failure on the part of the fiscal court to separate in its order the two amounts for the distinct services of defendant as the incoming judge of Perry county, but aggregated the two amounts and provided that the total sum should include compensation for presiding at misdemeanor trials also. A slight mathematical calculation, of easy solution, reveals that the extra

$1200 was compensation for trying misdemeanor cases, while other official duties were to be compensated for by the first order, reenacting the one of December 26, 1921, and which had been in force since the latter date.

So far we have considered the case from the standpoint that the meeting of the Perry fiscal court held on January 2, 1930, was an independent session, having no connection whatever with the prior special session of December 26, 1929. It is contended, however, by defendants' counsel that the last order (January 2, 1930) was made at an adjourned day of the first session held on December 26, 1929, which, if true, makes the case stronger for defendant. We repeat that the Bingham and Robinson opinions fully support our conclusions above expressed, and which a reading of them will verify. We, therefore, content ourselves with referring the reader to them without lengthening this opinion by inserting excerpts therefrom. Neither will we extend it by further discussion in pointing out wherein our conclusions as expressed in those opinions control the disposition of this case, as made by the trial court.

Wherefore, for the reasons stated, the judgment is affirmed.