# Graves County v. Sullivan.

Feb. 23, 1940.

As Modified on Denial of Rehearing May 10, 1940.

L. L. Hindman, Judge.

F. B. Martin and W. H. Wyman, County Attorney, for appellant. McDonald & Boaz for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE RATLIFF— Reversing.

Appellee brought this action in the Graves circuit court against Graves County, Kentucky, seeking to recover of it the sum of $3,000 representing his salary as county judge of Graves County, Kentucky, for services rendered in criminal misdemeanor cases during his term ·of office beginning January, 1934, and ending January, 1938.

The petition alleges that appellee was elected county judge for Graves County at the November, 1933, .election for the term of four years beginning the first Monday in January, 1934, and ending the first Monday in January, 1938, and he qualified and entered upon the duties of said office and continuously served the four-year term.

He further alleged that in April, 1933 (previous to his election in November of the same year), the fiscal court of Graves County was composed of Hon. Clyde Burnett, the duly and regularly elected, qualified and acting county judge of said county, and certain justices of the peace (naming them) and it was the duty of said fiscal court of Graves County not later than the first Monday in May, 1933, to fix an annual salary at a rea-

sonable amount for the services of such county judge for the next four-year term beginning the first Monday in January, 1934, but exclusive of services to be rendered by said county judge in criminal misdemeanor cases and that, in addition thereto, it was the duty of the fiscal court at its last regular term preceding the regular election for county officers in the year 1933 to fix a reasonable compensation for the county judge for his services in criminal misdemeanor cases, same to be in addition to any other compensation received from the county, and payable monthly; that under the law in such cases made and provided it was the duty of the fiscal court and it was required to keep and make separate provisions for and make separate orders fixing the county judge's regular salary and a separate sum as his compensation for services in criminal misdemeanor cases.

He further alleged that on the 4th day of April, 1933, the fiscal court of Graves County undertook by order to fix the salary of the county judge of the county for the term of office for four years beginning on the first Monday in January, 1934, at the sum of $1,500 per year, and that in that order the fiscal court wrongfully and unlawfully undertook to include compensation or salary for all the services of such county judge, including criminal misdemeanor cases. He pleaded that order which reads:

"Motion was this day made which received a second, that the County Judge of Graves County, for the term of office of four years, beginning the first Monday in January, 1934, be fixed at the sum of Fifteen Hundred Dollars per year.

"This to include all his criminal services in trying criminal cases and all duties as such County Judge.

"The yeas and nays being called upon said motion, all members of the court voted yea.

"It is therefore ordered by the court that the County Judge's salary be fixed at Fifteen Hundred Dollars per year for said term, to be paid out of the General Fund levy of Graves County.

"This salary to be paid monthly."

It was further alleged that the action of the fiscal

court in undertaking to include the county judge's services in criminal misdemeanor cases in the compensation for his regular salary as county judge was made with the intent to deprive the county judge of any compensation for his services in criminal misdemeanor cases during his term of office, and had the effect only of fixing his annual salary during the term for his regular duties as county judge, exclusive of his services in criminal misdemeanor cases; that the salary of $1,500 per year as fixed by the fiscal court was and is a reasonable salary for his regular duties as county judge only, but was and is not reasonable compensation for his services in criminal misdemeanor cases in addition to his regular duties as county judge.

It is further alleged that the compensation of $1,500 per year as fixed in the order above set out is the same compensation that was fixed by the fiscal court of Graves County, Kentucky, on the first day of October, 1929, as the salary for the county judge of Graves County for the term of office of four years beginning the first Monday in January, 1930, and that on the 5th day of December, 1929, the fiscal court made a further and additional order fixing the compensation of the county judge of said county for his services in criminal misdemeanor cases at $750 per year, or a total of $2,250 per year, and he set out and pleaded both of those orders.

Appellee bases his right of recovery upon two grounds, namely, (1) that the order of the fiscal court made in April, 1933, fixing his salary at $1,500 per year was intended to be his compensation for his services performed as the regular county judge, exclusive of his services in criminal misdemeanor cases, and that he is entitled to additional salary for his services rendered in the latter class of cases, and he had demanded of the fiscal court at the beginning of some time near the beginning of his term of office to allow him additional salary for his services in criminal misdemeanor cases which the fiscal court refused; and (2) that if ground one be not available, then the order of the fiscal court made in December, 1929, which was in force and effect at the time of appellee's election in November, 1933, and still in effect at the time he entered upon the duties of his office January, 1934, was controlling, in that it fixed the salary of the county judge in criminal misdemeanor

cases previous to his election and he is entitled to the salary fixed in that order, in addition to the salary of $1,500 fixed in the order of April, 1933.

Answer, demurrers and other subsequent pleadings were filed and the issues made and upon a trial of the case the court granted appellee (plaintiff below) the relief sought and adjudged that he recover of Graves County the sum of $3,000 as compensation for his services as county judge in misdemeanor criminal cases during his said term of office. Graves County has appealed.

We will first consider the order made by the fiscal court of Graves County in April, 1933, fixing the salary of the county judge at $1,500 per year, stating: "This to include all his criminal services in trying criminal cases and all duties as such county judge." It is the contention of appellee that this order is invalid as being contrary to the provisions of Section 1732a-2, Kentucky Statutes, which reads:

"The fiscal courts of the several counties of the state shall fix a reasonable compensation for the county judges for their services in criminal misdemeanor cases, same to be in addition to any compensation now received from said counties, respectively, payable as other salaries are paid and to remain as and when fixed for the remainder of the present term and thereafter to be fixed for the ensuing term *at the last regular term of the fiscal court preceding the regular election for county officers, beginning in the fall of 1929, and every four years thereafter;* provided, however, that said compensation in misdemeanor cases shall not exceed one-half of the regular salary now paid said county judges by the several counties of the Commonwealth, respectively and in no event shall the compensation of any county judge from all sources exceed five thousand dollars ($5,000.00) per annum." (Our italics.)

Appellee insists that it was the mandatory duty of the fiscal court under the provisions of the Statutes, supra, to make separate orders or fix separate sums for each class of service rendered, and that the fiscal court had no right or authority to fix a lump sum salary in the same order covering all services rendered by the county

judge without stating the specific amount allowed for each class of service.

Section 1072 of the Kentucky Statutes requires the fiscal courts of the various counties of the state to fix an annual salary for the county judge, and certain other county officers, not later than the first Monday in May in the year in which county officers are elected. Section 1732a-2 quoted above requires the fiscal court to fix reasonable compensation for county judges for their services in criminal misdemeanor cases in addition to the compensation for their regular services as county judge, and requires this latter compensation to be fixed at the last regular term of the fiscal court (October) preceding the regular election for county officers. Reading and considering these two sections of the Statutes together, it is apparent that the compensation to be fixed not later than the first of May in the year in which county officers are to be elected was intended to be the judge's salary for his regular duties as county judge, and compensation for his services in criminal misdemeanor cases should be fixed at the next regular term of the fiscal court (which is in October of the calendar year) next preceding the election, and the sums so fixed at the respective terms of the fiscal court and for the respective class of services rendered by the county judges shall be separate and distinct by specifying the sums fixed for each class of service. Robinson, Co. Judge, v. Elliott County Fiscal Court, 236 Ky. 63, 32 S. W. (2d) 554; Perry County v. Smith et al., 278 Ky. 321, 128 S. W. (2d) 751; Bingham, Judge, v. Bell County Fiscal Court, 255 Ky. 664, 75 S. W. (2d) 334. This the fiscal court did not do. At the April 1933 term of the court it undertook to fix the county judge's salary at a lump sum for all services rendered by him for his regular duties as county judge and services rendered in the trial of criminal misdemeanor cases. However, we do not hold that the order of April 1933 was void, but erroneous only, and could have been corrected in due time had appellee taken the legal steps available to him to obtain relief from the erroneous order, which he failed to do.

The answer of appellant controverted all the allegations of plaintiff's petition material to his right to recover and specifically plead estoppel. It is alleged in the answer and amended answer that appellee knew of

the order of April 1933 fixing his salary at $1,500 per year for all services rendered and made no objections thereto after his election as county judge nor during the entire term; that he assumed his office and with full knowledge of the intent of the fiscal court he accepted his salary checks each month which included his compensation as county judge and for trial in criminal misdemeanor cases; that it was his duty as county judge to see that all claims were reasonable and just before they were paid, and that he treated them as reasonable for all classes of services rendered by him, and by his conduct led the fiscal court to believe and it did believe and rely upon his conduct during his entire term of office that he was accepting the sum of $1,500 per year in full and complete satisfaction for his services as county judge including services in criminal misdemeanor cases.

At the time the order was entered in April, 1933, appellant was not county judge, nor possibly was he a candidate, nor had he been nominated by either dominant political party in the August Primary as its candidate for the office. It, therefore, might be argued that he had no right to prosecute an appeal from that order at the time it was entered within the 60 days provided for the purpose. But whether or not he then possessed such right as a citizen and tax payer of the county, he certainly had the right to do so from and after the date of his nomination for the office in the Primary election held for that year. He never attempted to do so, nor did he attempt to contest in any manner the validity of that order. Instead of availing himself of the legal remedies and rights opened to him he remained silent, qualified for the office and served throughout the four year term and accepted in monthly payments the $1,500 per year as specified in the May 1933 order for all his services rendered as the regular county judge and the trial of criminal misdemeanor cases.

The court will take judicial notice of the county budget law, Kentucky Statutes, Section 1851c-1 et seq., requiring counties to operate under the budget system, and it will be presumed that the fiscal court in making its budget for the respective years during appellee's term of office budgeted its finances on the theory and upon the basis that the county judge's salary for all classes of services rendered by him was $1,500 per year

and arranged its finances accordingly, all of which it was induced to do by the silence, acquiescence and conduct of appellee, insofar as the salary of county judge is concerned. It is thus seen that to allow appellee to now recover of the county for his services in the trial of criminal misdemeanor cases or other additional sum for any services rendered by him as county judge during his term of office, would disarrange and affect the county's finances and budget, and thus put the county in a different position to its prejudice than it would have been had appellee asserted his right in due time instead of remaining silent and failing to act when he should.

It is the settled rule that estoppel by conduct of a party arises where the person against whom it is pleaded by his conduct induces a person relying upon his conduct to believe in the existence of a particular state of facts and to act thereon to his prejudice. Jett v. Jett, 171 Ky. 548, 188 S. W. 669; Lockhart v. Kentland Coal & Coke Co., 182 Ky. 673, 207 S. W. 18; George v. Ford, 183 Ky. 808, 211 S. W. 438; Stark v. Petty Bros., 195 Ky. 445, 243 S. W. 50; Scottsville Oil Co. v. Dye Bros., 203 Ky. 496, 262 S. W. 615; Saylor v. Kentucky-Cardinal Coal Corp., 205 Ky. 724, 266 S. W. 388, 50 A. L. R. 666; Harris v. Sparks, 222 Ky. 472, 1 S. W. (2d) 772; Haggard v. Green, 224 Ky. 441, 6 S. W. (2d) 487; Skaggs v. Ferguson, 224 Ky. 775, 7 S. W. (2d) 213.

Appellee, as county judge, was a member of the fiscal court and it was his official duty to protect the financial interest of the county as well as his personal interest. In the circumstances of this case we think it would be contrary to a sound public policy to permit appellee to reap the benefits of his acquiescence and silence when he was duty bound to act. Appellee insists that since the April 1933 order of the fiscal court attempting to fix his salary is invalid, the order of 1929 fixing the salary of his predecessor at $62.50 per month, or $750 per annum, for services rendered in the trial of criminal misdemeanor cases is controlling. But since we have concluded that appellee is estopped to deny the validity of the April 1933 order and that he is bound thereby we need not consider or discuss the 1929 order.

Appellee insists that the plea of estoppel is unavailable to the appellant since it is the settled principle of law that a public officer shall be paid the entire emolu-

ments of his office provided by law to be paid, to him and that he cannot estop himself from claiming the full amount due him neither by accepting a lesser amount over a period of years than what was due him, nor by making an agreement or contract to accept less than that which is fixed by law. To sustain his argument appellee cites and relies upon the cases of Mack v. City of Mayfield, 239 Ky. 420, 39 S. W. (2d) 679; City of Louisville v. Thomas, 257 Ky. 540, 78 S. W. (2d) 767, and City of Olive Hill v. Craig, 267 Ky. 38, 101 S. W. (2d) 198.

Those cases and the principle of law enunciated therein deal with officers whose salaries and compensation is definitely fixed by law. It is our view, however, that those cases are not applicable to the present case. The statute does not fix the salary of the county judge but merely authorizes the fiscal court to fix it and since we have concluded that the 1933 order of the fiscal court is binding upon appellee and he received the full amount fixed by that order, it cannot be said that he accepted a less sum than that fixed by law.

Wherefore, the judgment is reversed and remanded with directions to set it aside and to dismiss appellee's petition.