## Casey County Fiscal Court v. Cundiff.

Feb. 17, 1942.

Chas. H. Fair and Eli G. Wesley for appellant.

Montgomery & Montgomery for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

The appellee, E. L. Cundiff, was elected county judge of Casey county at the November, 1929, election for the term of four years beginning the first Monday in January, 1930, and he was re-elected at the November, 1933, election for the four year term beginning the first Monday in January, 1934. In October, 1938, he presented to the fiscal court of Casey county a claim for $3,600 for services rendered in criminal misdemeanor cases during his two terms of office. He asked for $300 annually during his first term, and $600 annually during his second term. The fiscal court disallowed the claim, and Cundiff appealed to the Casey circuit court where the fiscal court's plea of limitations was sustained to so much of the claim as sought a recovery from the county for salary prior to December 1, 1933. The circuit court adjudged that Cundiff was entitled to recover his salary as county judge for trying misdemeanor cases after December 1, 1933, or for a period of four years and one month, and that $1,231.25 was a reasonable amount for that period. The fiscal court of Casey county has appealed.

Section 1732a-2 of the Kentucky Statutes provides that the fiscal court shall fix a reasonable compensation for the county judge for services in criminal misdemeanor cases, this to be in addition to what is generally referred to as the regular salary of the county judge. The Act limits the salary to be paid in misdemeanor cases to one-half of the regular salary "now paid" the county judges. This statute was enacted to meet the situation created by the decisions in Tumey v. Ohio, 273 U. S. 510, 47 S. Ct. 437, 71 L. Ed. 749, 50 A. L. R. 1243, and Wagers v. Sizemore, 222 Ky. 306, 300 S. W. 918, wherein it was held that a defendant in a misdemeanor case is deprived of the protection of the due process

clause of the 14th Amendment to the Federal Constitution if, after seasonable objection, he is tried by a judge who receives for his services in presiding at the trial a part of the fine and costs in the event of a conviction. Section 1732a-2 provides that the compensation for the county judge for his services in misdemeanor cases shall be fixed by the fiscal court at the last regular term of the court preceding the regular election for county officers. Section 1072 of the Kentucky Statutes, as amended in 1932, provides that the salaries of the county judge, clerk of the fiscal court, and county attorney shall be fixed not later than the first Monday in May in the year in which those officers are nominated and elected. In Dyche v. Gross, 283 Ky. 484, 141 S. W. (2d) 877, it was held that an order made by the fiscal court in April fixing the salary to be paid the county judge taking office on the first Monday in the following January and including compensation for his services in misdemeanor cases is proper.

Appellee's salary during his first term beginning the first Monday in January, 1930, was fixed by the fiscal court on January 15, 1930, after he had been installed in office. The order reads:

"Upon motion of J. Edgar Price and seconded by John D. Watson it is voted unanimously that the salary of E. L. Cundiff, the county judge, be fixed at fifteen hundred dollars ($1,500) per year for a period of four years beginning January 1, 1930, payable monthly out of the county treasury."

His salary for his second term was fixed at $1,200 annually. The order was entered April 3, 1933. The salary of the county judge of Casey county during the term preceding appellee's first term was $800 annually. Whether the $800 salary paid to the former county judge was limited to that term does not appear. If it was not limited to a particular term or period, it would remain in effect and could not be changed by the fiscal court after the succeeding county judge had been installed in office. Robinson v. Elliott County Fiscal Court, 236 Ky. 63, 32 S. W. (2d) 554. Be that as it may, the fiscal court of Casey county did fix the county judge's salary for the term beginning the first Monday in January, 1930, at $1,500 annually, and it is argued that this was clearly the regular salary and did not include compensation for his services in misdemeanor cases since the latter item

was not mentioned in the order. Appellee claims that he learned for the first time in 1938, after he had retired from office, that he was entitled to compensation for these services in addition to his reguar salary as county judge. Evidence was introduced to show that the matter was discussed at the meeting of the fiscal court on January 15, 1930, when the salary was fixed, and that the annual salary of $1,500 was intended and understood by appellee and the members of the court to include the compensation provided for in Section 1732a-2 of the Kentucky Statutes. Several witnesses testified that the county attorney, in recommending an increase in the county judge's salary, called the court's attention to the judge's loss of fees in misdemeanor cases. Appellee's complaint that this evidence was incompetent since the fiscal court must speak by its records is well-founded, Bingham v. Bell County Fiscal Court, 255 Ky. 664, 75 S. W. (2d) 334, but we think the circumstances are such as to authorize the conclusion that the salary of the county judge fixed by the fiscal court was intended to and did include compensation for his services in misdemeanor cases. The salary is large in comparison with salaries paid in other counties with like financial resources, and it will not be presumed the fiscal court intended to fix the salary at an unreasonable amount, which would be true if the additional amount sought by appellee is allowed. The salary was raised from $800 annually to $1,500, or almost doubled. The salary of $800 was paid during one of the most prosperous periods in history, while the increase was made during a serious business depression when state and county revenues were falling rapidly. The fact that the salaries provided for in Section 1072 and 1732a-2 of the Statutes are fixed together in one amount and in the same order does not invalidate the order. Dyche v. Gross, supra; Graves County v. Sullivan, 283 Ky. 130, 140 S. W. (2d) 636, 639. The appellee never intimated during his eight years of service that his salary was not adequate or that he was not receiving all that he was entitled to, and the fiscal court, of which he was a member, made the county budget and expended the county funds accordingly. The following from Graves County v. Sullivan, supra, is pertinent here:

"The court will take judicial notice of the county budget law, Kentucky Statutes, Section 1851c-1 et seq., requiring counties to operate under the budget system, and it will be presumed that the fiscal court

536

in making its budget for the respective years during appellee's term of office budgeted its finances on the theory and upon the basis that the county judge's salary for all classes of services rendered by him was $1,500 per year and arranged its finances accordingly, all of which it was induced to do by the silence, acquiescence and conduct of appellee, insofar as the salary of county judge is concerned. It is thus seen that to allow appellee to now recover of the county for his services in the trial of criminal misdemeanor cases or other additional sum for any services rendered by him as county judge during his term of office, would disarrange and affect the county's finances and budget, and thus put the county in a different position to its prejudice than it would have been had appellee asserted his right in due time instead of remaining silent and failing to act when he should.''

The judgment is reversed, with directions to dismiss Cundiff's appeal from the order of the fiscal court refusing to allow his claim.