JOSHUA S. BOZEMAN v. JOHN LAIRD.

[45 South., 722.]

SHERIFF. *Eligibility to succeed himself. Constitution* 1890, § 135.
   *Fragmentary terms of office.*

   Section 135, constitution of 1890, providing that a sheriff shall be
   ineligible to succeed himself in office, applies only to an officer
   who has served a full constitutional term of four years.

FROM the circuit court of Jefferson Davis county.
HON. WILEY H. POTTER, Judge.

Bozeman, appellant, was plaintiff in the court below; Laird,
appellee, defendant there. From a judgment in defendant's
favor plaintiff appealed to the supreme court.

The county of Jefferson Davis was created in 1906; an elec-
tion was held in the new county in July of that year and
county officers were elected to hold their offices until January
1, 1908. The appellee was elected sheriff at the election, and
held the office thereunder. At the regular county election in
November, 1907, he was a candidate for re-election for the full
constitutional term of four years, beginning on the first Mon-
day of January, 1908; the appellant being an opposing candi-
date for the office. Appellee was elected, and appellant con-

tested the election, on the ground that the appellee was ineligible to succeed himself as sheriff under Constitution 1890, Sec. 135, which is as follows:

" There shall be a sheriff, coroner, treasurer, assessor and surveyor for each county, to be selected as elsewhere provided herein, who shall hold their offices for four years. The sheriff and treasurer shall be ineligible to immediately succeed themselves or each other in office."

The appellee demurred to appellant's petition stating the facts upon which the contest was based, on the ground that it did not show that appellee would succeed himself in office after holding for a full constitutional term of four years. . The court below sustained the demurrer and dismissed the suit.

*J. C. Carlton,* for appellant.

Is the appellee eligible to succeed himself as sheriff of Jefferson Davis county? The answer must be in the negative in the light of Sec. 135 of the state constitution and of Code 1906, §§ 4186, 4661. Are these sections aimed at the person or at the term of office? The origin and purpose of the legislation must answer the question. The limitation prescribed by our constitution is upon the person rather than on the term of office. And it might be pertinent to state that this court has held that statutes will be construed according to their object and intent, though against the letter. *Love* v. *Taylor,* 26 Miss., 567; *New Orleans, etc., R. R. Co.,* v. *Hemphill,* 35 Miss., 17; *Learned* v. *Corley,* 43 Miss., 687; *Leachman* v. *Musgrove,* 45 Miss., 540; *Mississippi Central R. R. Co.* v. *State,* 46 Miss., 157; *Witherspoon* v. *Blewett,* 47 Miss., 570.

To allow appellee to succeed himself in office, as he is trying to do, would be against both the intent and letter of the law; for the letter of the law forbids it, and the intent of the law is to prevent such abuses.

*G. Wood Magee,* for appellee.

The prohibition contained in Sec. 135 of the state constitu-

tion, and in Code 1906, § 4661, applies to the full constitutional term of four years rather than to the person or occupant of the office. In other words, the prohibition is directed more to the term than to the person. This was the holding of HON. MONROE McCLURE, attorney-general of this state, as shown on page 55 of the Report of the Attorney-General for the years 1901–1903 inclusive; and is also the holding of his two able successors.

It is immaterial that the appellee, as sheriff, had held the office immediately before his election to the full four years' term. He had held it for only eighteen months, and the prohibition contained in the state constitution refers to a term of four full years.

WHITFIELD, C. J., delivered the opinion of the court.

The only question presented in this case of any consequence is whether Laird was ineligible to succeed himself as sheriff of Jefferson Davis county, because he had served the full statutory term of the first sheriff of the county; that being, however, only one and one-half years, which was the length of the term of the first sheriff for this new county. We think it can make no difference that this was the term of the first sheriff of the county, made eighteen months by statute. It is true it is the full length of the first term, so fixed by law; but the office of sheriff is a constitutional office, and their terms are fixed by Sec. 135 of our state constitution at four years. The reason why this term was only one and one-half years was because it was just that length of time to the general election for sheriffs. We are of the opinion that he was not ineligible to immediately succeed himself on these facts. We do not think that Sec. 135 of our state constitution applies to a sheriff who has served a mere fragment of a full term, whether that fragment be a statutory term, as here, or some unexpired term. There are some difficulties in this view; but we do not think the purpose and reason underlying Sec. 135 can be reconciled with the opposite view.　　　　　　　　　　　　　　　　*Affirmed.*