## Bosworth, Auditor v. Ellison.

(Decided June 4, 1912.)

### Appeal from Franklin Circuit Court

1. Constitutional Law—Construction of Section 161.—Change of Com-
   pensation.—The words "during his term of office" in the clause
   reading "the compensation of any State, county, town or mun-
   cipal officer shall not be changed after his election or appoint-
   ment or during his term of office" refers to the office and not the
   incumbent; and a person appointed to fill a vacancy caused
   ·be the resignation of an officer elected for a full term can only
   receive the same compensation as did the officer who resigned,
   although the compensation may have been increased before the
   vacancy occurred.

2. Constitutional Law—Compensation of Officer.—The compensation
   that a public officer may receive cannot be changed during the
   period fixed as the duration of the full term of the office, regard-
   less of how many incumbents of the office there may be dur-
   ing the full term.

JAMES GARNETT, Attorney General, M. M. LOGAN, Assistant
Attorney General for appellant.

B. B. SNYDER, TYE & SILER for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Reversing.

At the regular November election in 1909, Mat H.
Morgan was elected jailer of Whitley County for a term
of four years, beginning on the first Monday in January,
1910. At the time he took the office, the compensation of
jailers was fixed at fifty cents per day for keeping and
dieting prisoners. In 1910 the Legislature passed an
act, which took effect in June, 1910, increasing the com-
pensation of jailers for keeping and dieting prisoners
from fifty cents to seventy-five cents per day. In August,
1911, Morgan resigned as jailer, and appellee Ellison
was appointed to fill the vacancy. After Ellison became
jailer, and in April, 1912, he presented a claim to the
Auditor of Public Accounts, for keeping and dieting
prisoners between the time of his appointment and the
date of the presentation of the claim, demanding that the
Auditor allow him for this service at the rate of
seventy-five cents per day. The Auditor refused to pay
any amount in excess of fifty cents per day, and there-
upon Ellison filed this suit asking for a mandamus
against the Auditor to compel him to issue a warrant

for $250.41, the difference between fifty cents and seventy-five cents per day for keeping and dieting the prisoners as set out in his claim. The lower court upon these facts, granted Ellison the relief sought and directed the Auditor to draw a warrant in his favor for the amount claimed. The Auditor is here asking a reversal of this judgment.

It is conceded that if Morgan had continued in the office of jailer, he could not receive the benefit of the increased compensation authorized by the act of 1910 during his four year term of office, but the argument is made that as Morgan resigned the office after the act of 1910 took effect, and Ellison was appointed to fill the vacancy caused by the resignation of Morgan until it should be filled at a regular election in the manner provided by law, that he is entitled to the increased compensation provided by the act of 1910. The solution of the question is controlled by the proper construction of section 161 of the Constitution, reading:

"The compensation of any city, county, town or municipal officer shall not be changed after his election or appointment, or during his term of office; nor shall the term of any such officer be extended beyond the period for which he may have been elected or appointed."

Section 235 of the Constitution provides that:

"The salaries of public officers shall not be changed during the terms for which they were elected; but it shall be the duty of the General Assembly to regulate, by a general law, in what cases and what deductions shall be made for neglect of official duties. This section shall apply to members of the General Assembly also."

This section, although not directly in point, is a helpful aid in the construction of section 161 in so far as it relates to the matter in issue.

It is the contention of the Commonwealth that the prohibition in section 161 against changing the compensation of any officer "during his term of office" means that the compensation shall not be changed during the period fixed by the statute or Constitution as the duration of the full term of the office, regardless of how many incumbents of the office there may be during the full term caused by the filling of vacancies in the office. Or as applied to the case at bar that as the compensation of Morgan could not be changed during the term for which he was elected, the compensation that he would have received is the only compensation that could be paid to any

person appointed or elected to fill a vacancy occurring in the office of Morgan during the term for which he was elected.

On the other hand, it is insisted for Ellison that the words "during his term of office" refer to the person holding the office at the time the compensation may be changed by legislative act or other competent authority; and that if the person who is in office when the compensation is changed resigns or there is for any cause a vacancy in the office after the compensation has been changed, the act changing the compensation applies to and regulates the compensation of the person appointed or elected to fill the vacancy. It will be observed that there is some difference in the phraseology of sections 161 and 235, section 161 reading that the compensation shall not be changed "during his term of office," and section 235 reading the salaries shall not be changed "during the terms for which they were elected." These two sections of the Constitution were intended to and do embrace every public officer in the State, without reference to whether his compensation is paid by fee or by salary and it was manifestly the intention of these sections that all persons holding offices of the same character and class should receive during the terms for which they were elected uniform compensation or salary, whichever it might be. We think the words "during his term of office" in section 161 should be given the same meaning as the words "during the term for which they were elected" in section 235, and that the compensation mentioned in section 161 as well as the salary mentioned in section 235 refers to the full term of the office and not to the person who may be filling the office.

If the construction pressed on our attention by counsel for Ellison should prevail, we would have the curious situation of the jailers in some counties receiving seventy-five cents per day for keeping and dieting prisoners, while jailers in other counties during the same period of time could only receive for the same service fifty cents a day. The compensation of each jailer would depend altogether on the time when he took the office. For example, the jailer who was elected in 1909 and took the office in January, 1910, would get fifty cents a day, as would a jailer who might have been appointed to fill a vacancy two days before the act of 1910 took effect; while the jailer who was appointed to fill a vacancy after the act took effect would receive seventy-five cents

a day. The rule of uniformity in compensation for like service so clearly intended would be destroyed and the amount of compensation be controlled not by the fixed term of the office, but by the varying dates, at which persons might be inducted into office. Ellison was appointed to fill out a part of Morgan's unexpired term. He had no term of office apart from the term of Morgan. He was merely occupying the place that Morgan under his election would have filled except for his resignation. A term of office when the period of the term is fixed by Constitution or statute means the period designated by the Constitution or Statute. There should be a certainty and a fixedness about the words "his term of office." They were not intended to depend on the mere accident of appointment or election to fill a vacancy for a month or a year. When a person is appointed or elected to fill a vacancy in a term, he merely fills out the term of his predecessor. He does not enter on a new term of office, as does a person who is elected or appointed and takes the office at the beginning of the term as fixed by law. Within the meaning of section 161 of the Constitution, Ellison occupied precisely the same position that Morgan would if he had not resigned. Larew v. Newman, 81 California, 588; Storke v. Goux, 129 California, 526.

Wherefore, the judgment is reversed, with directions to enter judgment in conformity with this opinion.