## Pinkston v. Watkins.

### (Decided December 19, 1919.)

### Appeal from Daviess Circuit Court.

Statutes—Term of Police Judge—Constitutional Law.—That portion of sub-section 5 of section 3480b, Kentucky Statutes, 1915 edition, which limits the term of police judge to two years when elected in the odd year after the adoption by cities of the third class of the commission form of government violates the provisions of sections 160 and 167 of the Constitution and is therefore void. Those sections fix the term of police judges at four years, and it is incompetent for the legislature to change the term either by shortening or lengthening it.

W. P. SANDIDGE for plaintiff.

W. T. ELLIS and L. P. TANNER for defendant.

OPINION BY JUDGE THOMAS—Sustaining motion for injunction.

The city of Owensboro is one of the third class. By an act of the legislature, passed at its 1914 session, charters of cities of that class were amended, which amendment is section 3480b, Carroll's 1915 edition of the Kentucky Statutes. The purpose of the amendment was

to provide a method by which cities of that class were authorized to adopt the commission form of government, and making provisions for the operation of that form of government should it be adopted. Pursuing the course therein pointed out, the city, by vote of its citizens, adopted the commission form of government provided for in the amendment at the regular election, 1916. At that time the plaintiff, W. V'. Pinkston, was the duly elected, qualified and acting police judge of the city, having been elected to that office in 1913 for a full term of four years. The time of the election of his successor, as well as the time for the election of a mayor of the city, was in 1917, the year following the adoption by the city of the commission form of government. At that election the plaintiff was reelected to the office, and was in the discharge of the duties thereof at and prior to the general election in 1919. At the latter election the defendant, R. E. Watkins, was a candidate for the office, and having received the highest number of votes he was declared elected, and having received his certificate of election and a commission from the Governor of the state, he was about to be sworn in and to take charge of the office and to undertake the performance of its duties when plaintiff filed this suit seeking to enjoin defendant from undertaking to discharge the duties of the office and from molesting or disturbing the plaintiff in the discharge of them, alleging in his petition that when he was elected in 1917 it was for a full term of four years, and that the election of his successor would not occur until 1921; that there was no vacancy in the office at the time defendant claims to have been elected thereto, and that his pretended election was null and void and conferred upon him no right to the office.

The decision of the question turns upon the constitutionality of a part of subsection 5 of the amendment referred to. That part of the subsection involved says:

"If the year in which such election under this act shall be held in any city be an even year, and the vote shall be in favor of the organization and government of the city under the provisions of this act, then at the regular city election in the next following odd year there shall be elected by the qualified voters of said city two commissioners and a mayor, if the term of the then mayor will expire with such odd year, or two commissioners and a police judge, if the term of the then police judge will

expire with such odd year. If the terms of the then mayor and the then police judge should both expire with such odd year there shall be elected by the qualified voters of said city two commissioners and a mayor and a police judge, but the term of office of such police judge, so elected at the same time as the mayor is elected, shall be for two years only. So that every two years as hereinafter provided there shall be elected two commissioners and a mayor, or two commissioners and a police judge, as the case may be.''

The election referred to is the one by which the city adopted the commission form of government as provided for in the act. That election in this case having occurred in an even year (1916), and the term of plaintiff as police judge expiring the succeeding odd year (1917), according to the provisions of the act, he was elected the last time in 1917 for ''two years only,'' and if the act, in limiting the term for which plaintiff was last elected to two years, is constitutional his term expired in 1919, and he would no longer be entitled to the office, and defendant, having been elected thereto at the regular election in the latter year, he would have the right to be inducted into the office and perform its duties, in which case the judgment of the learned circuit judge who overruled the motion for the temporary injunction would have to be sustained and this motion made before me to grant the injunction would have to be overruled.

Plaintiff bottoms his right to the injunctive relief which he seeks upon the provisions of sections 160 and 167 of the Constitution. Section 160, in so far as it relates to the question involved, is:

''The mayor or chief executive, police judges, members of legislative boards or councils of towns and cities shall be elected by the qualified voters thereof: *Provided* the mayor or chief executive and poilce judges of the towns of the fourth, fifth and sixth classes may be appointed or elected as provided by law. The terms of office of mayors or chief executives and police judges shall be four years, and until their successors shall be qualified.''

Section 167 is in this language:

''All city and town officers in this state shall be elected or appointed as provided in the charter of each respective town and city, until the general election in November, eighteen hundred and ninety-three, and until

their successors shall be elected and qualified, at which time the terms of all such officers shall expire; and at that election, and thereafter as their terms of office may expire, all officers required to be elected in cities and towns by this Constitution, or by general laws enacted in conformity to its provisions, shall be elected at the general elections in November, but only in the odd years, except members of municipal legislative boards, who may be elected either in the even or odd years, or part in the even and part in the odd years; *Provided,* that the terms of office of police judges, who were elected for four years at the August thirty-first, eighteen hundred and ninety-four, and the terms of police judges elected in November, eighteen hundred and ninety-three, shall begin September first, eighteen hundred and ninety-four, and continue until the November election, eighteen hundred and ninety-seven, and until their successors are elected and qualified.''

It will be observed that section 160 prescribes that the terms of office of police judges of municipalities in this Commonwealth ''shall be for four years, and until their successors shall be qualified,'' while section 167 prescribes that the first election for police judges under the new Constitution shall be held at the regular November election, 1893, at which time the terms of those elected prior thereto shall expire, except that police judges elected for four years in 1890 should hold their offices until August 31, 1894, when the one elected in November, 1893, should succeed to the office and hold it until the next regular election in 1897.

It has frequently been held by this court that in construing constitutional provisions different sections relating to the same subject but making different provisions concerning them should be read together and construed so as to reconcile the provisions found in all the sections relating to the same common subject or subjects. Applying this principle to the two sections under consideration, there is no difficulty in determining what was meant by their adoption. Section 160 prescribes only what shall be the length of the term of the office of police judges in this Commonwealth, which is four years. Section 167 deals with the time when police judges shall be elected, and there is nothing found in it curtailing the length of term prescribed by section 160. After providing for the first election in November, 1893,

that section provides for the election of police judges "thereafter as their terms of office may expire." When read together the two sections mean that the terms of office of police judges will expire every four years after the first election provided for in section 167, in November, 1893. Following this construction of the two sections, there have been held regular elections for the office of police judge of the city of Owensboro in the years 1893, 1897, 1901, 1905, 1909, 1913 and 1917, and had the city not adopted the commission form of government provided for in the amendment, *supra,* the next regular election of a police judge for the city would be in 1921, as is contended by plaintiff.

So the question is, may the legislature disregard the express directions found in the two sections of the Constitution referred to and create an intervening term of the office of police judge for a shorter period than that expressly provided by the Constitution? There can be but one answer to the question, and it is in the negative Plaintiff was elected to his present office long after the enactment of charters for the cities of the third class following the adoption of our present Constitution, and is therefore filling the office of police judge, which is referred to in section 160 of that instrument.

In the case of City of Lexington v. Wilson, 97 Ky. 707, this court held that those so elected to the municipal offices mentioned in that section were entitled to a full term of four years. Since there is nothing in section 167 of the Constitution in conflict with the provisions of section 160, the legislature was without authority to limit the term to two years as it attempted to do in subsection 5 of the amendment quoted above. There is a wide difference between prescribing the time when one who is elected to office shall enter upon the discharge of its duties, and prescribing the time when an election may be held to fill the office and fixing the term of the incumbent.

Section 236 of the Constitution, largely relied on by the learned circuit judge in denying the motion for the injunction, attempts only to confer authority upon the legislature to fix the time when one elected to office shall enter upon the duties thereof, in the absence of any time fixed by the Constitution. The section does not refer to or in any manner purport to deal with the terms of any office, and under no rule of construction known to the

law can it be construed to confer authority upon the legislature to prescribe a shorter term for a particular office than the one prescribed for the same office by the Constitution. If that instrument had failed to provide the time when an elected officer should assume the duties of the office to which he was elected, then the legislature, under the authority conferred by section 236, might fix that time, but it could not do that so as to affect in any manner the length of the term for which the officer was elected, as fixed in the Constitution

The question for solution on this hearing is equally as clear and free from difficulty as was the one construing the proviso to section 167 before this court in the case of Tevis v. Rice, 97 Ky. 528, and we think the statement made by the court in the opinion there delivered that "being so free from doubt as to its meaning, it is unnecessary to invoke the aid of any rules for the interpretation of the constitutional provisions and statute" is strictly applicable here. Indeed the terms "construction" and "interpretation" presuppose some obscurity or ambiguity in the instrument to be construed or interpreted. Where the instrument, be it a constitution or a statute or private writing, is so plainly expressed that all difficulty or ambiguity as to its meaning is removed, there is no occasion for the requisition of assisting rules of construction or interpretation.

We do not regard the cases relied on by defendant as applying to the question involved. The principal one is Commonwealth ex rel. Elkins v. Moir, 199 Pa. 534, 53 L. R. A. 837. In that case the legality of an act of the legislature of Pennsylvania applying to cities of the second class in that state was involved. It was insisted that the act was void because it was impossible of execution; because it was discriminatory in the method it provided for filling certain municipal offices; because it provided that the Governor should, in an interim, appoint the chief executive of the city designated in the act as recorder, and because it vested in the Governor of the state the discretion of determining when it should become operative, and perhaps others. The alleged facts upon which the objections were founded were determined against the litigant who urged them. No question involving the interpretation of a constitutional provision was involved. On the contrary, the opinion expressly held that the legislature had authority to enact

the statute, since it did not conflict with any constitutional provision, although it might result in some injustice and be exceedingly difficult of execution. But throughout the opinion it is plainly manifest that if the statute had been contrary to some provision of the Constitution it would have been declared void.

Being thoroughly confident that so much of subsection 5 of section 3480b above referred to as attempts to limit plaintiff's term of office to which he was elected in 1917 to two years is unconstitutional, it results that the motion for the injunction should be sustained and the injunction prayed for granted, and it is so ordered.

Chief Justice Carroll and Judges Clarke and Quin heard and considered this motion with me, and concur in this opinion.