## Whitley County Board of Education v. Rose.

(Decided Feb. 16, 1937.)

284

B. B. SNYDER for appellant.

L. O. SILER for appellee.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

Claiming that his salary as superintendent of schools of Whitley county was illegally reduced during his term of office, Chester A. Rose brought this action against the Whitley County Board of Education to recover $787.50, the difference between what he was paid and what he should have received had no change in his salary been made. From a judgment in his favor the Board of Education appeals.

The facts, which are undisputed, are in brief as follows: Acting under the authority of section 4399a-10, Kentucky Statutes 1930, the County Board of Education of Whitley County on April 3, 1930, appointed N. M. Hill superintendent of schools of Whitley county for a term of four years, beginning July 1, 1930, and ending June 30, 1934. In addition to a salary of $2,700 a year, payable in 12 equal installments, Hill was allowed the sum of $200 annually "for expenses incurred and incident to the proper conduct of the office of county superintendent." Hill served as superintendent until October 14, 1933, when he was compelled to resign on account of his health. His resignation was accepted by the Board of Education, and thereupon Chester A. Rose was appointed superintendent for a term of three years, eight and one-half months, beginning October 14, 1933, and ending June 30, 1937, at a salary of $1,800 per year, "and his necessary expenses not to exceed Two Hundred ($200.00) Dollars per year." On April 2, 1934, the Board of Education appointed C. S. Wilson superintendent of schools for a term of four years beginning July 1, 1934, and ending June 30, 1938. After the employment of Wilson, Rose brought suit in the

Whitley circuit court to enjoin Wilson from interfering with him in the performance of his duties as superintendent. A temporary injunction was denied by the judge of the Whitley circuit court, and also by Judge Dietzman of this court, on the ground that under the statute, section 4399a-10 the board had the power only to fill the vacancy and to appoint for the unexpired term, and the appointment of Rose beyond that period was void and of no effect.

It is provided by section 161 of the Constitution that the compensation of any city, county, town, or municipal officer shall not be changed after his election, or appointment, or during his term of office, and by section 235 that the salaries of public officers shall not be changed during the terms for which they were elected. In construing these sections of the Constitution we have held that the term is the unit, and that no change in the compensation fixed for the term may be made, it matters not how many incumbents of the office there may have been. Thus in the case of Bosworth v. Ellison, 148 Ky. 708, 147 S. W. 400, 401, 402, Morgan, who had been elected jailer of Whitley county for a term of four years, resigned and Ellison was appointed his successor. When Morgan took office the compensation of the jailer was fixed at 50 cents a day for keeping and dieting prisoners. During his term of office the Legislature increased the compensation to 75 cents a day. Ellison insisted that he was entitled to be paid at the rate of 75 cents per day. His contention was sustained by the lower court, but denied on appeal, the court saying: "Ellison was appointed to fill out a part of Morgan's unexpired term. He had no term of office apart from the term of Morgan. He was merely occupying the place that Morgan, under his election, would have filled, except for his resignation. A term of office, when the period of the term is fixed by Constitution or statute, means the period designated by the Constitution or statute. There should be a certainty and a fixedness about the words 'his term of office.' They were not intended to depend on the mere accident of appointment or election to fill a vacancy for a month or a year. When a person is appointed or elected to fill a vacancy in a term, he merely fills out the term of his predecessor. He does not enter on a new term of office, as does a person who is elected or appointed and takes the of-

fice at the beginning of the term as fixed by law. Within the meaning of section 161 of the Constitution, Ellison occupied precisely the same position that Morgan would, if he had not resigned.'' The same rule is applicable to this case. The county superintendent of schools is a public officer, and the constitutional provisions respecting the change of an officer's compensation during his term are controlling. Fox v. Lantrip, 162 Ky. 178, 172 S. W. 133, 134; Beauchamp v. Snider, 170 Ky. 220, 185 S. W. 868; Board of Education of Boyle County v. McChesney, 235 Ky. 692, 32 S. W. (2d) 26. The fact that the County Board of Education attempted to elect Rose for a new term worked no change in his status. At the time of the election there existed only a vacancy in the term of Hill, who had resigned before the expiration of his term. The statute in force at that time provided that in case of vacancy due to any cause the County Board of Education should fill the vacancy, and the appointment should be for the unexpired term, and until his successor shall have been appointed and qualified. Section 4399a-10, Kentucky Statutes. It follows, as held by Judge Dietzman, that the board had the power only to fill the vacancy, and did not have the power at that time to extend the term of office and elect Rose not only for the vacancy, but for the extended term. Hence Rose, who was legally elected only for the unexpired term, was entitled to the salary fixed for the term, and the action of the board in reducing the salary was in violation of the Constitution, and therefore ineffective.

But the point is made that Rose's acceptance of the decreased salary estops him from claiming the salary fixed during the term. The question has been considered recently in the cases of City of Louisville v. Thomas, 257 Ky. 540, 78 S. W. (2d) 767; City of Olive Hill v. Craig, 267 Ky. 38, 101 S. W. (2d) 198; and the defense of estoppel held unavailing. As said in the last-mentioned case, ''Were the rule otherwise, it would be comparatively an easy matter for the governing authorities to take advantage of an officer dependent on his salary for a livelihood, and virtually compel him to forego his constitutional right.''

Lastly it is insisted that the court erred in sustaining a demurrer to that paragraph of the answer and counterclaim asserting a counterclaim of $48.31.

The facts pleaded are that in addition to his salary of $150 per month Rose was paid the sum of $200 expenses for a year; that he received expenses for one year when he was only entitled to expenses for eight and one-half months; that he had been overpaid for three and one-half months the sum of $48.31, for which he was indebted to the board and should be required to return to the board. The superintendent was allowed "not to exceed the sum of $200 annually for expenses incurred and incident to the proper conduct of the office of county school superintendent." The allowance was an annual one and not at a monthly rate. Rose had the right to expend the $200 for legitimate expenses in such sums, and at such times as he saw fit. It is not alleged in the answer that he had not in good faith expended the full sum allowed, or that any portion of the $200 allowed remained unexpended. In the absence of such a showing, it cannot be said that he had in his hands any portion of the expense money that should be returned to the board. It follows that the demurrer was properly sustained.

Judgment affirmed.