SHAMBURGER, County Judge, et al. v. DUNCAN, County Attorney.

Court of Appeals of Kentucky.
Dec. 12, 1952.

Oldham Clarke, James M. Cuneo and Allen, McElwain, Dinning & Clarke, Louisville, for appellants.

Lawrence G. Duncan, Louisville, for appellee.

DUNCAN, Justice.

This agreed case was submitted pursuant to the provisions of Section 637 of the Civil Code of Practice. The appellants who were defendants below are Boman L. Shamburger, County Judge, Mark Beauchamp, Robert A. Fihe, and Mortimer Viser, County Commissioners, which four constitute the Fiscal Court of Jefferson County. The appellee, plaintiff below, is County Attorney of that county.

Continuously from 1916 until 1952, the salary of County Commissioners in Jefferson County has been fixed at $3,000 per annum. KRS 67.110, Ky.St. 1851b–7. The appellants, Beauchamp, Fihe, and Viser, were receiving this salary as County Commissioners when the 1952 General Assembly amended KRS 67.110, Chapter 14, Acts of 1952 to read as follows:

"That Section 67.110, K.R.S. be amended and re-enacted, so that when amended it shall read as follows:

"Compensation of Justices and Commissioners for Serving on Fiscal Courts. (1) Each county commissioner serving on a fiscal court may be paid out of the county treasury the following compensation for his services:

"(a) In counties containing a city of the first class, a salary of five thousand dollars per annum, payable monthly.

"(b) In counties containing a city of the second class, a salary of four thousand dollars per annum, payable monthly.

"(c) In counties containing a city of the third or fourth class, a salary of not more than one thousand, eight hundred dollars per annum, payable monthly.

"(d) In other counties, the same compensation per day as justices of the peace receive under Section 64.530 KRS.

"Notwithstanding any provision of KRS 64.530, county commissioners in counties containing a city of the first or second class who are in office on the effective date of this act and who were elected at the election at which the amendment to Section 246 of the Constitution of Kentucky was adopted may be paid the compensation authorized by this section, but not retroactively.

"Whereas it is deemed necessary to authorize an increase in the compensation of such county commissioners now in office, an emergency is declared to exist and this act shall take effect upon its passage and approval by the Governor."

The statute as amended became effective on March 26, 1952. On April 23, 1952, the Fiscal Court of Jefferson County adopted three separate resolutions, increasing the annual salaries of Commissioners Beauchamp, Fihe, and Viser from $3,000 to $5,000, effective May 1, 1952.

The county attorney maintains that KRS 67.110 is unconstitutional insofar as it permits the increase in compensation of county commissioners during their terms of office, Ky.Const.Sections 161 and 235, and that the resolutions of the fiscal court are invalid as applied to the incumbent Commissioners. The Commissioners maintain that the amendment and resolutions are valid because of the provisions of the 1949 amendment to Section 246 of the Kentucky Constitution.

The 1949 amendment to Section 246, so far as applicable to this controversy, reads in part as follows:

"Compensation within the limits of this amendment may be authorized by the General Assembly to be paid, but not retroactively, to public officers in office at the time of its adoption, or who are elected at the election at which this amendment is adopted."

Mr. Beauchamp was elected County Commissioner for a term of four years in November, 1949, the same election at which the amendment was adopted. Commissioner Fihe was elected in November, 1947, and was in office at the time the amendment was adopted. He was re-elected in November, 1951. Commissioner Viser was elected in November, 1951. He was neither in office nor elected at the election at which the amendment was adopted, but was in office at the effective date of the 1952 amendment to KRS 67.110.

In reaching a solution to the controversy, we are required to construe the 1949 amendment to Section 246 to determine the extent to which Sections 161 and 235 were suspended by the amendment.

■ Of particular applicability here is the rule of construction that "courts in construing constitutional provisions will look to the history of the times and the state of existing things to ascertain the intention

of the framers of the Constitution and the people adopting it, and a practical interpretation will be given to the end that the plainly manifested purpose of those who created the Constitution, or its amendments, may be carried out." Keck v. Manning, 313 Ky. 433, 231 S.W.2d 604, 607.

Section 246 has long been a subject of controversy in this State. An amendment to remove entirely the salary limitation fixed therein was proposed by the 1942 General Assembly but was defeated by the voters of the State at the election held in November, 1943. The 1949 amendment does not remove all salary limitation but provides new maximum limits within which the Legislature may regulate compensation of public officials. The present amendment, as did the 1942 proposed amendment, also provides that any regulation of compensation by the General Assembly under the authority of the amendment might be made to relate to public officials in office at the time of its adoption, or who were elected at the election at which such amendment was adopted. The proposed amendment went further than the present amendment and stated specifically that after such regulation of compensation by the General Assembly following its adoption no change should thereafter be made increasing or decreasing the compensation of public officers. Therefore, both the proposed and adopted amendments had the effect of suspending Sections 161 and 235 insofar as they affected public officials then in office or elected at the election at which the amendments were to be adopted.

Sections 161 and 235 prohibit change in the compensation or salary of public officials after their election or appointment or during their terms. These sections secure to public officers during the term of their office the same compensation they were entitled to receive at the time of their election to such office. Neutzel v. Fiscal Court of Jefferson County, 183 Ky. 1, 208 S.W. 1. The history of the efforts to amend Section 246 convinces us that it was never the intention of the Legislature in proposing or the people in adopting the amendment to do more to Sections 161 and 235 than enable the Legislature to extend to those officers who were within the inhibitions of the latter sections the immediate increases which might be authorized under authority of the amendment.

We recognize the rule that in construing conflicts between amendments and portions of a Constitution adopted at an earlier time the amendment must prevail. 11 Am. Jur. § 54, page 663, Constitutional Law. However, it is an equally well recognized rule of construction that different sections of a Constitution, including amendments, are to be construed as a whole in an effort to harmonize the various provisions and not produce conflict between them. Runyon v. Smith, 308 Ky. 73, 212 S. W.2d 521; Commonwealth v. Sparks, 201 Ky. 5, 255 S.W. 859; Pinkston v. Watkins, 186 Ky. 365, 216 S.W. 852. It is only in instances where there is no room for the application of the rule of harmonizing inconsistent provisions that an amendment should prevail.

In construing Sections 161 and 235, this Court has held that the prohibition as to change in compensation relates to the term rather than the incumbent. Bosworth v. Ellison, 148 Ky. 708, 147 S.W. 400; Whitley County Board of Education v. Rose, 267 Ky. 283, 102 S.W.2d 28. Therefore, there may be several incumbents during a given term but no change in compensation may be made during the term. On the other hand, an official may fill the same position for several terms and the compensation may be increased or decreased with respect to each term.

The Court of Appeals' long accepted construction of the Constitution becomes as much a part thereof as if written into it originally. District Board of Tuberculosis Sanitorium Trustees for Fayette County v. City of Lexington, 227 Ky. 7, 12 S.W.2d 348.

Without invoking the suspension of Sections 161 and 235, the Legislature, after the amendment, could have provided for increases to be effective in subsequent terms. It, therefore, seems clear that the amendment to Section 246, relating to the term rather than the officer, merely suspended Sections 161 and 235, insofar as the latter

sections prohibited increases to officers filling terms running at the time of the adoption of the amendment or during terms of officers who were elected at the time of the adoption of the amendment. Inasmuch as the term is the unit to which Sections 161 and 235 relate, no increase in compensation can be made to any officer subsequent to his election or during his term, as to any term commencing after the first Monday in January, 1950. We, therefore, conclude that neither Mr. Fihe nor Mr. Viser was entitled to the increased compensation made possible by the 1952 amendment to KRS 67.110 and authorized by the resolution of the Jefferson Fiscal Court.

A different situation is presented in respect to the right of Commissioner Beauchamp to receive the increased salary. Mr. Beauchamp was elected at the election at which the 1949 amendment was adopted, and the term to which he was elected at that time had not expired at the time of the 1952 amendment and resolution of the fiscal court.

The General Assembly, at its 1950 session, enacted a comprehensive salary act, KRS 64.480 to 64.760, regulating salaries of many public officials pursuant to the authority of the 1949 amendment to Section 246. However, no change was made with reference to the compensation which might be paid to Jefferson County Commissioners. The act affirmatively stated that no change was being made in the salaries of such commissioners. KRS 64.530.

Appellee argues that the suspension of Sections 161 and 235 extended only until the effective date of the 1950 salary act, and that after this date these sections became as fully operative as if no suspension had ever existed. The Chancellor did not completely accept appellee's theory but held that the suspension lasted until there had been some affirmative action by the General Assembly with respect to compensation or salaries fixed prior to that time. The opinion of the Chancellor would indicate his conclusion to be that there could be one affirmative action by the General Assembly and that the suspension did not end until that action had been taken, regardless of whether the action was taken at the 1950 or 1952 session.

The Chancellor took the view that in the adoption of KRS 64.530 the 1950 General Assembly took affirmative action in providing that the salaries of commissioners in counties containing cities of the first, second, third or fourth class should remain at the same level previously fixed by KRS 67.-110.

The legislative construction is indicated by KRS 64.680, 1950, which is as follows:

"Except as otherwise provided in KRS. 64.480 to 64.760, and subject to the restrictions prescribed in KRS 64.-480 to 64.760, it is the express intent of the General Assembly, in accordance with the authority granted by Section 246 of the Constitution, as amended, that any change in compensation made or authorized to be made by KRS 64.-480 to 64.760 shall apply to officers in office on June 30, 1950, subject to the express limitation that when one change in the compensation of any officer in office on June 30, 1950 has been made or become effective by or under KRS 64.480 to 64.760, during his term of office, no further change in his compensation may be made or become effective during his term."

■ It will be observed that this statute provides that when one change has been made or becomes effective no further change may thereafter be made. This indicates a legislative construction of the amendment to be that one change may be made with reference to the compensation. Legislative construction of a constitutional provision is not conclusive. However, it is persuasive, especially if acquiesced in for many years, or if made almost contemporaneously with such provision so that it may be said to express the views and reasoning which prevailed at the time of its adoption. 11 Am.Jur. 699, § 79, Constitutional Law; Cherey v. City of Long Beach, 282 N.Y. 382, 26 N.E.2d 945, 127 A.L.R. 1210.

■ KRS 64.530 did not make any change in the salary of county commissioners in Jefferson County. It merely left the salaries as they had been since 1916. It amounted only to a statement that the 1950 salary act was not intended to effect a

change in such salaries. This Court is of the opinion that the suspension of Sections 161 and 235 as applied to Jefferson County Commissioners continued until at least one change in compensation had been made, and that the 1952 amendment to KRS 67.110 and the resolution of the fiscal court were valid insofar as they related to the compensation of Commissioner Beauchamp.

The judgment of the lower court is affirmed insofar as it defined the rights of Commissioners Fihe and Viser, and is reversed for the entry of a judgment consistent with this opinion as it relates to the rights of Commissioner Beauchamp.