

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

May 26, 1961

Honorable Allen Melton
Executive Secretary
State Board of Morticians
Rio Grande National Building
Dallas, Texas

Opinion No. WW-1070

Re: Whether a member of the State
Board of Morticians is eligi-
ble to be appointed to a
second full term of six years,
when such member has served
under an appointment for six
years, and for two additional
years under an appointment to
an unexpired term of another
Dear Mr. Melton: member of the Board.

We are in receipt of your letter in which you ask this
office for an opinion concerning the following question:

"In the case of a member of the Board who
has been regularly appointed by the Governor,
confirmed by the Senate, and served a full six
year term, and thereafter having been appointed
to an unexpired term of another member of the
Board and served two years in that appointment,
may the Governor appoint that person to a second
full term of six years?"

The State Board of Morticians is created under the
provisions of Article 4582b of Vernon's Civil Statutes. Sec-
tion 1 of said statute states, in part, as follows:

". . . The members of said Board shall
be appointed by the Governor, by and with
the consent of the Senate, for a period of
six years, . . . Any vacancies existing on
the Board at the time of the effective date
of this Act shall be filled by the Governor,
and the Governor shall, in appointing succes-
sive members to the Board, so designate their

terms so that two places on the Board shall
become vacant each two years.  Any vacancy
in an unexpired term shall be filled by
appointment of the Governor for the unex-
pired term.  No member of the Board shall
be appointed for more than two terms of
service."

You attached to your request a brief in which you
cited certain cases which involved the question of limitation
of terms of office by constitutional provisions of other states.
The cases which you cited are Ervin v. Collins, 85 So.2d 852,
(Fla.Sup. 1956); Black v. Pate, 30 So. 434, (Ala.Sup. 1901);
McGinnis v. Cossar, 18 S.W.2d 988, (Ky.Ct.App. 1929); Bozeman
v. Laird, 45 So. 722 (Miss.Sup. 1908); Dodson v. Bowlby, 110
N.W. 698, (Neb.Sup. 1907); and Burgess of Coatsville, 6 Pa.
Dist. 575.

Generally stated, the question involved in these cases
concerns (1) elected public officials; (2) provisions in their
respective state constitutions limiting terms of office, and (3)
the general proposition that where the constitutional limitation
is ambiguous, that doubt and ambiguity must be resolved in favor
of eligibility to stand for re-election.

Your question presented to us for consideration, while
similar in many respects to the question involved in the above
mentioned cases, differs in this respect.  Texas has no general
constitutional prohibition limiting the terms of elected offi-
cials, and the fact situation involved in your question concerns
not an elected official, but rather one that was created by the
Legislature and appointed by the Governor to an administrative
board.  The only prohibition in the Texas Constitution in regard
to appointments of members to administrative agencies is Paragraph
30a of Article XVI, which in effect states that terms of appoint-
ment shall be for six years and that the original appointments
must be so staggered that one-third of the members' terms expire
every two years.

The most recent case concerning limitations placed on
terms of office is the case of Ervin v. Collins, supra, which re-
views similar questions from other jurisdictions in the United
States.  The facts, briefly stated, were that LeRoy Collins was
elected to the unexpired term of Governor after the death of
Governor Dan McCarty.  LeRoy Collins was so elected at a special
election, pursuant to Section 19 of Article IV of the Constitu-
tion of Florida.  The question presented to the Supreme Court of
Florida was whether LeRoy Collins was eligible to run for a full
term which would begin at the termination of the unexpired term

to which he was elected.  Section 2 of Article IV of the Constitution of Florida provided that the Governor shall hold office for four years, but shall not be eligible for re-election to said office the next succeeding term.

Section 3 of Article IV of the Florida Constitution prescribed the qualifications for the office of Governor and Section 19 of that Constitution provided the procedure which was to be followed in the event of the impeachment of the Governor, his removal from office, death, resignation or inability to discharge his official duties.  The Supreme Court of Florida held that Sections 2 and 19 are complementary in that Section 2 provides for a four year term limitation, and Section 19 provides for filling the office in the event of a vacancy by the occurences of certain happenings.  The Court was presented with authorities from other jurisdictions in the United States, the same being primarily those authorities mentioned in your brief.  The court discussed, in this case, the case of Schardein v. Harrison, 18 S.W.2d 316 (Ky.Ct.App. 1929) which we shall discuss in more detail later in this opinion.

The Supreme Court of Florida, in applying the holdings in the various cases before mentioned, held that the vacancy which occurred after the death of Governor Dan McCarty was filled by three men during the four year term to which Governor McCarty was elected.  They found that the Constitution of Florida was silent as to any inhibitions on those who completed the unexpired term and stated:

> "It would be ridiculous to impose such inhibitions on them for the reasons they are said to have been imposed by Section 2, there being no provision in Section 19 authorizing it.  * * *"

The Florida Supreme Court concluded its opinion, expressing the proposition that if there were doubts or ambiguities as to Governor Collins' eligibility they should be resolved "in favor of a free expression of the people in relation to the challenged provision of the Constitution."

In Schardein v. Harrison, supra, the sole question which was before the Kentucky Court was the proper construction of Section 160 of the Kentucky Constitution, which read that:

> "The terms of office of mayors * * * shall be four years, and until their successors shall be qualified. * * *

"No mayor * * * of any city of the first
* * * class, after the expiration of the term
of office to which he has been elected under
this constitution, shall be eligible for the
succeeding term."

The court defined the meaning of the word "term"
as used in their Constitutional provision and held:

"'Term' is thus identified and defined as
a certain and fixed period of four years. It
commences when the mayor is elected and inducted
into office, and ends at the end of the four
years for which he was elected. One or several
persons may discharge the duties of the office
during this period, but the term is not divided
into smaller terms by the number of persons who
may fill the office. It remains one and indivis-
ible and term follows term in successive cycles
of four years each. Nor does it die with the
incumbent. On the contrary, if the incumbent
or the one elected to the office should resign,
refuse to qualify, or be impeached or removed
from office, the term would remain unbroken
until the recurring election for that office.
. . ."

The Kentucky Court further interpreted the word "term"
as used in this constitutional provision, as follows:

". . . This section demonstrates that
the members of the convention /constitutional/
had in mind a distinction between 'a term of
office' and 'a part of a term' and understood
how to use words to express this distinction.
And the meticulous care they exercised in
qualifying the word 'term' wherever used there-
in indicates that they understood the word
'term' to mean a full term of four years. . . ."

The Kentucky Court further discussed the case of Bos-
worth v. Ellison, 48 Ky. 708, 147 S.W. 400 (1912), where that
court stated:

". . . A term of office when the period
of the term is fixed * * * means the period
designated by the Constitution or Statute.
* * * When a person is appointed or elected
to fill a vacancy in a term, he merely fills

out the term of his predecessor.  He does not
enter on a new term of office, as does a per-
son who is elected or appointed and takes the
office at the beginning of the term as fixed
by law.  . . ."

The court discussed the case of Pinkston v. Watkins,
186 Ky. 365, 216 S.W. 852 (1919), and held:

". . . 'The term of office of sheriff
is four years, no more and no less.  The
present term throughout the state began
with the first Monday in January, 1902.
The term had but one beginning, and will
have but one ending, though there may be
a dozen incumbents during the one term.'"

Because Texas has no constitutional limitations on the
terms of public offices we could find no Texas cases on the sub-
ject.  The Legislature provided in Section 1 of Article 4582b of
Vernon's Civil Statutes that the members of the Board would be
appointed by the Governor "for a period of six years" and pro-
vided that any vacancy that might exist on the Board on the effec-
tive date of the Act shall be filled by the Governor, but in
filling such vacancy shall designate their terms so that two
places on the Board would become vacant every two years.  The
Legislature also provided for the appointment when vacancies
occur and provided that "any vacancy in an unexpired term shall
be filled by appointment of the Governor for the unexpired term."
In the last sentence of Section 1, the Legislature provided that
"no member of the Board shall be appointed for more than two
terms of service."  (Emphasis added)

In order to answer your question, we must determine
what the Legislature intended by the phrase "two terms of ser-
vice."  In addition to the definition made by the Kentucky Court,
as quoted above, we find that 41 Words and Phrases, 390, gives
this definition of the words "term or terms of office":

"Ordinarily the word or words 'term' or
'term of office,' when used in reference to
the term of office, means a fixed and definite
period of time."  (Citing cases)

In the case of Robinson v. U.S., 42 Court of Claims
52 (1907) the court used this definition:

"The word 'term,' when used with reference

to the tenure of office, ordinarily refers to
a fixed, definite time, and does not apply to
appointive offices held at the pleasure of the
appointing power. (In re Batey, 52 N.Y.S. 871-
872; Somers v. State, 58 N.W.R. 804-806)."

43 Am. Jur. 17, Public Officers, Sec. 159, makes this
statement:

". . . where both the duration of
the term of an office and the time of its
commencement and termination are fixed by
the Constitution or statutes, a person
elected or appointed to fill a vacancy in
such office holds for the unexpired portion
of the term and until the qualification of
a successor; . . . It seems the term of
office of one elected or appointed to fill
a vacancy in a board of several officers will
be held to be for the unexpired term of his
predecessor only, where the clear intent of
the creating power is that the entire board
should not go out of office at once but that
different groups should retire at regularly
recurring intervals." (Citing cases).

From the cases and authorities hereinabove cited,
it is our opinion that the Legislature clearly provided that
the members of the State Board of Morticians would be ap-
pointed for a term of six years. There can be no dispute in
this regard. The Legislature, after setting out other pro-
visions for various eventualities, provided that no member
shall be appointed for more than "two terms of service."

It is our opinion that where the Legislature used the
word "period" in one instance and the word "term" or "terms of
service" on four other occasions within the same statute, the
terminology was substantially the same.

50 Am. Jur. 228, Statutes, Sec. 238, states the
following:

". . . it is a general rule of statutory
construction that words of a statute will be
interpreted in their ordinary acceptation and
significance and the meaning commonly attributed
to them." Austin v. Strong, 117 Tex. 263, 1 S.W.
(2d) 872 (1928); Bell v. Indian Live Stock Co.,
11 S.W. 344 (Tex.Sup. 1889).

And in Sec. 247 thereof at page 243, it states:

> ". . . Thus, although words and sentences,
> or parts of sentences, have no very definite
> signification in their ordinary use, if a particu-
> lar meaning and application appears from their
> use or connection in the statute, that meaning
> and application must be accepted as proper and
> controlling.  . . ."

And in Sec. 271 thereof at page 259, it states:

> ". . . It is accordingly held that other
> sections of the same act in which the same word
> or phrase is used may be resorted to as an aid
> in determining the meaning thereof.  Under the
> rule, where the same word or phrase is used more
> than once in the same act in relation to the same
> subject matter and looking to the same general
> purpose, if in one connection its meaning is
> clear and in another it is doubtful or obscure,
> it is in the latter case given the same construc-
> tion as in the former.  . . . "

In _Watterson v. Halliday_, 77 Ohio 150, 82 N.E. 962
(1907), the Court declared that a word or phrase repeatedly used
in the same statute indicates that special consideration was in-
tended to be given to it.

In effect, the Legislature provided that the members
appointed to the State Board of Morticians would be appointed
for six year terms.  However, because of Paragraph 30a of Arti-
cle XVI of the Texas Constitution, certain members who would
initially be appointed after the Act became effective, would
receive only two year terms, others just four year terms and
still others six year terms.  The term of each, regardless of
the period of time of their appointment, would have a definite
beginning and a definite ending.  These members are not appoint-
ed at will to serve for such periods within the discretion of
the Governor.  Initially, each was placed in a certain year
group with a definite beginning and a definite ending.  After
that initial term was served, then upon reappointment or upon
a new appointment, those so appointed received six year terms.
By the terms of Section 1 of Article 4582b, the Legislature
clearly provided that any vacancy in an unexpired term would be
filled for the unexpired term, so that initial appointive terms
would continue in sequence and a third of the membership would
be subject to appointment every two years.  The authorities

generally presented in this opinion seem to hold that an appointment to an unexpired term, or as in the case of Governor LeRoy Collins, where he was elected to an unexpired term, did not prohibit him from running for re-election immediately following the unexpired term.

It is our opinion that the Legislature of Texas provided that members appointed to the State Board of Morticians are appointed for six years.  The Legislature further provided that they shall be limited to two terms.  What the Legislature provided for in between these two propositions in the same statute, were for the purpose of directing and guiding the Governor if certain eventualities may occur, and to stay within the framework of the Texas Constitution.

It is our opinion that only those members who originally received two and four year terms and a subsequent six year term, would be prohibited for reappointment.  The same, of course, holds true of those who originally received a six year term as they would have had two six year terms of service.

The facts as you presented, stated that one Board member originally received a six year term.  Upon the expiration of that term, he was not reappointed for another six year term, but rather was appointed to fill the unexpired term of another member who left the board for some reason.  Upon the expiration of this original term to which he was appointed, said member relinquished all power, authority and jurisdiction as a Board member.  He stood in the position of any citizen save and except he having been previously appointed.  When the Governor appointed him for the unexpired term, he could serve only such time that remained, which was less than six years.  We conclude that the Legislature intended that members appointed to this Board serve six year terms.  Having served one six year term, he was eligible to another six year term, if he were entitled to reappointment at all.  The Governor is given broad and general discretion in appointments.  However, he cannot circumvent the intention of the Legislature by appointing members to a shorter term, with the exception related above concerning the original appointments, and count these unexpired terms as full terms. Having served the unexpired term of a former member of the Board, such member is eligible, subject to the discretion of the Governor, for appointment to another six year term.

## S U M M A R Y

A member of the State Board of
Morticians is eligible for appointment to a second six year
term, having previously served
a full six year term and the
unexpired term of a former member on said Board.

Yours very truly,

WILL WILSON
Attorney General of Texas

By
Leon F. Pesek
Assistant

LFP:zt


APPROVED:

OPINION COMMITTEE
By W. Ray Scruggs, Chairman

Howard Mays
Sam Ray Wilson
Lawrence Hargrove

REVIEWED FOR THE ATTORNEY GENERAL

BY:  W. V. Geppert